KIRBY WATSON v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 23 March, 1910.)

1. **Removal of Causes—Facts Found—Residence—Intent.**

Upon motion to remove a cause by a railroad company, upon the ground that it was not brought in the county of plaintiff's residence, etc., the findings of fact of the lower court are conclusive on appeal; and it appearing that plaintiff was injured in defendants' service, under a contract determinable at the will of either, while living in another county, but that he had never intended to change his residence from that of the county in which suit was brought, the motion should be disallowed.

2. **Removal of Causes—Residence—Intent—Evidence.**

The plaintiff having brought his action for damages against a railroad company for personal injury in the place of his former residence, it is competent for him to testify as to his intent not to change his residence to the county in which he was living in the employment of the defendant at the time of the injury, upon petition by defendant to remove the cause to the county wherein the injury occurred.

3. Removal of Causes—Plaintiff's Residence—Interpretation of
    Statutes.

> The proviso to Revisal, sec. 424, made by ch. 367, Laws 1905,
> does not affect the bringing of an action in the county where
> the plaintiff resides, but only prohibits the selection at will
> of any county, for that purpose, where the defendant had a
> track, unless the injury occurred, or plaintiff resided, therein.

APPEAL by defendant from *W. R. Allen, J.,* at September
Term, 1909, of WAYNE.

The facts are stated in the opinion of the Court.

*Aycock & Winston* and *W. T. Dortch* for plaintiff.
*W. B. Rodman* and *J. L. Barham* for defendant.

CLARK, C. J.   This was a motion to remove this action, which
was brought in Wayne, to Rowan County for trial by virtue of
the proviso in Rev., 424: "In all actions against railroads the
action shall be tried either in the county where the cause of
action arose or in the county in which the plaintiff resided at
the time the cause of action arose or in some county adjoining
the county in which the cause of action arose."

Upon affidavits filed by both parties, his Honor found the
facts as follows: "(1) That the parents of the plaintiff, Kirby
Watson, are now, and have been for more than twenty years,
residents of Wayne County; (2) that the plaintiff was born in
Wayne County and lived in said county until January or Feb-
ruary, 1909; (3) that in January or February, 1909, he mar-
ried in Johnston County, and in March, 1909, he entered the
service of the Southern Railway Company at Spencer, Rowan
County, as a car repairer under a contract which either party
could terminate at will; (4) that after entering into said con-
tract he took his wife to Spencer, and he and his wife lived at
Spencer from that time up to the time of the injury complained
of; (5) that the plaintiff has not intended to change his resi-
dence from Wayne County; (6) that the plaintiff is not now
twenty-one years of age; (7) that the cause of action arose in
Rowan County; and upon said facts, being of the opinion that
the plaintiff is now and was on 6 May, 1909, a resident of
Wayne County, it is considered and adjudged that said motion
be denied."

The word "residence" has, like the word "fixtures," different
shades of meaning in the statutes (*Overman v. Sasser,* 107
N. C., 432), and even in the Constitution, according to its pur--
pose and the context. *Tyler v. Murray,* 57 Md., 441.   See cases
cited in 7 Words and Phrases, under head "Residence"; also,
24 A. and E. (2 Ed.), 692; 34 Cyc., 1647.   Even in our Consti-
tution, the word "reside" has a different meaning in the follow-

ing articles: Article III, sec. 5: "The Governor shall reside at the seat of the government of this State." Article IV, sec. 2: "Every judge of the Superior Court shall reside in the district for which he is elected." Article VI, sec. 2: "He shall have resided in the State of North Carolina for two years, in the county six months, and in the precinct or other election district in which he offers to vote, four months next preceding the election." And in the statutes, the exact shade of meaning depends somewhat upon whether the enactment concerns Suffrage and Eligibility to office; Attachment and Homestead Exemptions; Publication of Summons or Venue; but they all include the idea of permanence.

Probably the clearest definition is that in *Barney v. Oelrichs,* 138 U. S., 529: "Residence is dwelling in a place for some continuance of time, and is not synonymous with domicil, but means a fixed and permanent abode or dwelling as distinguished from a mere temporary locality of existence; and to entitle one to the character of a 'resident,' there must be a settled, fixed abode, and an intention to remain permanently, or at least for some time, for business or other purposes." To same effect *Coleman v. Territory,* 5 Okl., 201: "Residence indicates permanency of occupation as distinct from lodging or boarding or temporary occupation. 'Residence' indicates the place where a man has his fixed and permanent abode and to which, whenever he is absent, he has the intention of returning." In *Wright v. Genesee,* 117 Mich., 244, it is said: "Residence means the place where one resides; an abode, a dwelling or habitation. Residence is made up of fact and intention. There must be the fact of abode and the intention of remaining." And in *Silvey v. Lindsay,* 42 Hun. (N. Y.), 120: "A place of residence in the common-law acceptation of the term means a fixed and permanent abode, a dwelling-place for the time being, as contradistinguished from a mere temporary local residence."

The facts found by the judge are conclusive upon us. He found that the plaintiff was living at Spencer from March to May, when the injury occurred, as a car repairer, in the defendant's service, under a contract terminable at the will of either party, and that he had never intended to change his residence from Wayne County. Upon these facts he properly held that the plaintiff retained his residence in Wayne, and refused the motion to remove. It was competent for the plaintiff to testify to his intent. *Hannon v. Grizzard,* 89 N. C., 122.

The object of the proviso added to Rev., 424, by ch. 367, Laws 1905, was not to prohibit actions being brought against railroads in the county where the plaintiff resides, but to pro-

hibit the selection of any county where the defendant had its track (the former law), except the county where the cause of action accrued, or an adjoining county.

The judgment refusing to remove the cause is
Affirmed.