IN THE MATTER OF THE WILL OF ELLEN F. ELLIS.

(Filed 31 May, 1924.)

**1. Wills—Caveat—Domicile—Venue—Husband　and　Wife—Presumptions—Findings of Fact—Appeal and Error.**

　　Upon motion for a change of venue in proceedings to caveat a will, the testatrix's legal domicile at the time of her death does not solely depend upon her residence in a different county from that of her husband, and where the trial judge, upon a case agreed, finds as a fact only that the testatrix, a married woman, was not a resident of the county of the domicile of her husband, and upon all the evidence in the case it appears that the change of venue sought was to the county of his domicile, the judgment of the trial court in retaining the jurisdiction will be reversed on appeal, and the proceedings ordered removed to the domicile of her husband.

**2. Same—Change of Domicile—Animus Revertandi.**

　　The question of domicile of a testatrix in proceedings to caveat her will does not solely depend upon her place of residence, and when all the evidence tends to show that her last residence was in a different county from that of her husband, proper venue of the proceedings is in the county of his domicile.

CAVEAT to the will of Ellen F. Ellis, heard before *Bryson, J.,* at November-December Term, 1923, of HAYWOOD.

Appeal by respondent. The agreed case on appeal in part is as follows:

"There was a caveat to the will of Ellen F. Ellis filed in the Superior Court of Haywood County on 1 September, 1923, and was heard at the November-December Term, 1923, of Haywood Superior Court before his Honor, T. D. Bryson, upon a motion for the change of venue and for removal of said cause for trial to the Superior Court of Cleveland County, N. C., and, from the refusal to grant said motion and the judgment retaining said cause for trial in Haywood County, the propounder and executor of said will appealed to the Supreme Court. The original of the will of Ellen F. Ellis, deceased, is now on file in the office of the clerk of the Superior Court of Cleveland County, where it was probated soon after her death, and R. C. Ellis, the husband of Ellen F. Ellis, and executor and sole beneficiary under the will, duly qualified as the executor of same before the clerk of the Superior Court of Cleveland County. A certified copy of said will was forwarded to the clerk of the Superior Court of Haywood County and duly recorded in his office, and a caveat was filed to the certified copy of said will in the office of the clerk of the Superior Court of Haywood County."

The judgment of the court below was as follows:

"This cause coming on to be heard, and being heard, before the undersigned Honorable T. D. Bryson, Judge, presiding and holding the November-December Term, 1923, of Haywood Superior Court, upon the motion of R. C. Ellis for the change of venue from Haywood County to Cleveland County, and upon the answer filed in opposition to said motion, and upon the affidavit of Joshua Fitzgerald, Charlotte Fitzgerald, Flora Fitzgerald and R. A. L. Hyatt, the court finds as a fact that the testatrix, Ellen F. Ellis, was not a resident of Cleveland County at the time of her death and that she died in Waynesville, Haywood County, North Carolina; that her will has been probated both in the county of Haywood and Cleveland; that she owns real estate in the county of Haywood and that all of the subscribing witnesses to her last will and testament reside in Haywood County, and that Haywood County is the proper place for the trial of said action. It is therefore considered, ordered and adjudged by the court that said motion be and the same is hereby denied, and said cause is retained in Haywood County for trial."

To the judgment respondent excepted, assigned error, and appealed to the Supreme Court for the refusal of the court below to grant the motion to remove this cause to Cleveland County for trial.

*Morgan & Ward* for caveators.
*Ryburn & Hoey* and *Alley & Alley* for respondent.

CLARKSON, J. From the agreed case it appears that the will of Ellen F. Ellis was filed in the office of the clerk of the Superior Court of Cleveland County shortly after her death. It was duly probated in common form and R. C. Ellis, the husband of Ellen F. Ellis, sole beneficiary and executor under the will, duly qualified as such executor. A certified copy of the will was duly recorded in the office of the clerk of the Superior Court of Haywood County. A caveat to the certified copy of the will was filed in Haywood County before the clerk.

The court below in the judgment says: "The court finds as a fact that the testatrix, Ellen F. Ellis, was not a resident of Cleveland County at the time of her death and that she died in Waynesville, Haywood County, North Carolina."

R. C. Ellis, in his motion for removal, filed an affidavit, in part, as follows:

"That Ellen F. Ellis was a legal resident of Shelby, Cleveland County, N. C., at the time of her death and had been domiciled in said Cleveland County, N. C., for more than 28 years preceding the date of her death, and a portion of her estate was situated in said county.

"That the said R. C. Ellis, husband of Ellen F. Ellis, sole beneficiary under said will, and named as executor thereof, has been a resident and domiciled in Cleveland County, N. C., for the past 30 years, and is now a resident of said county, and he duly qualified as executor of the will of the said Ellen F. Ellis before the clerk of the Superior Court of Cleveland County, North Carolina."

The court below makes no finding as to the domicile of R. C. Ellis, husband of Ellen F. Ellis. All the positive evidence, as appears from the record, is that his domicile was in Cleveland County at the time his wife died. Nor does the court find as a fact that Ellen F. Ellis was domiciled in Haywood County, but only finds that she "was not a resident of Cleveland County at the time of her death."

*Nash, J.,* in *Plummer v. Brandon,* 40 N. C., 192, says: "The acquisition of a new domicile does not depend simply upon the residence of the party; the fact of residence must be accompanied by an intention of permanently residing in the new domicile and of abandoning the former, in other words the change of domicile must be made manifest, *animo et facto,* by the fact of residence and the intention to abandon. *DeBonneval v. DeBonneval,* 6 Eng. E. Rep., 502; 1 Curtics, 856; *Craigie v. Lewin,* 7 Eng. E. Rep., 460; 3 Curties, 435. · *Sir Herberd Jermer Trest,* in the latter case, says the result of all the cases is that there must be the *animus et factum,* and that the principle is that a domicile, once acquired, remains until another is acquired, or the first abandoned; and that the length of residence is not important, provided the *animus* be there; if a person goes from one country to another with the *intention* of remaining that is sufficient, and whatever time he may have lived there is not enough, unless there be an intention of remaining. Again in the case of *DeBonneval* the same Judge lays down this principle, 'the presumption of law being that the domicile of origin subsists until a change of domicile is proved, the *onus* of proving the change is on the party alleging it, and the *onus* is not discharged by merely proving residence in another place, which is not inconsistent with an intention to return to the original domicile."

19 C. J., p. 414, sec. 33, says: "Following out the theory of an identity of person, the law fixes the domicile of the wife by that of the husband, and denies to her during cohabitation the power of acquiring a domicile of her own separate and apart from him; and she cannot during such period of cohabitation effect a separate domicile by her intention that his domicile shall not be hers, even though assented to by him. The domicile of the husband is that of the wife only when the husband provides a domicile where the wife may go and stay at her will. Under modern statutes affecting the status of married women, it has been suggested that there is no reason why a wife may not acquire a separate

domicile for every purpose known to the law, and it has been held that she may do so whenever it is necessary or proper, as where the husband has forfeited his marital rights by misconduct. *But the domicile of the husband is at least prima facie the domicile of the wife."* (Italics ours.)

In the instant case there was no evidence from the record of any disagreement or separation between R. C. Ellis and his wife, Ellen F. Ellis, as there was in the case of *Rector v. Rector,* 186 N. C., 618. The court below did not find that Ellen F. Ellis was domiciled in Haywood County when she died—apply these principles to the case before us— as a general rule the domicile of the wife is that of the husband. The domicile of the husband is at least *prima facie* the domicile of the wife.

In *Smith v. Morehead,* 59 N. C., 364, it was said: "This being so, the only remaining inquiry is, what effect the marriage had upon the domicile of the parties. Upon this question we think the law is well settled; in the case of *Warrender v. Warrender,* 9 Bligh. Rep., 89, before the House of Lords, it was laid down in the strongest terms that the domicile of the husband drew to it, in law, that of the wife."

In *Hicks v. Skinner,* 71 N. C., 543, it is said: "It must be held, however, that upon the marriage the domicile of the wife, by construction of law, became that of her husband."

It will be noted that in divorce cases "The common-law rule that the wife should bring her action for divorce in the domicile of her husband was changed by Rev., 1559, under the title of 'Venue,' providing that the summons be returnable to the county wherein the applicant resides, and by amendment, chapter 229, Public Laws 1915, making the summons returnable to the county in which either the plaintiff or defendant resides." *Wood v. Wood,* 181 N. C., 227.

In *Thayer v. Thayer, ante,* 574, the plaintiff lived with his grandfather in Montgomery County. He was the illegitimate child of Mamie G. Hall and was nine years old. His mother, Mamie G. Hall, was domiciled in Davidson County, and brought suit as next of friend for her illegitimate child in Davidson County, which venue was upheld. *Adams, J.,* in that case said: "Domicile is of three kinds—domicile of origin, domicile of choice, and domicile of operation of law. As a general rule, the domicile of every person at his birth is that domicile of the person on whom he is legally dependent, and in case of illegitimacy the domicile of origin is that of the mother. A domicile of choice is a place where a person has chosen for himself, but an unemancipated infant, being *non sui juris,* cannot of his own volition select, acquire, or change his domicile. A domicile by operation of law is one which the law determines or attributes to a person, without regard to his intention or the place where he is actually living. It is consequential and

usually arises out of the legal domestic relations, as that of parent and child, or that of the wife, resulting from marriage. In accordance with these principles the domicile of a legitimate child during minority, as a general rule, follows that of the father, but the domicile of an illegitimate child is ordinarily governed by that of the mother."

*In re Ryan, ante,* 569; *In re Martin,* 185 N. C., 472; *Reynolds v. Cotton Mills,* 177 N. C., 412.

From the findings of fact by the court below, the agreed case on appeal and the evidence, undisputed in the record, as to the domicile of R. D. Ellis, the husband of Ellen F. Ellis, being in Cleveland County, we think, by construction of law, the domicile of Ellen F. Ellis was that of her husband, and the demand and motion for change of venue, made in apt time by respondent, should have been granted.

The cases cited in the brief of caveators as to the findings of fact by the court below, being ordinarily conclusive, have no application in the instant case. The court below did not find facts sufficient to show that Ellen F. Ellis was domiciled in Haywood County.

In *Roanoke Rapids v. Patterson,* 184 N. C., 137, the Court said: "When accurately used, 'domicile' and 'residence' are not convertible terms. Domicile is a person's fixed, permanent, established dwelling-place, as distinguished from his temporary, although actual place of residence."

The findings of the court below that Ellen F. Ellis was not a resident of Cleveland County at the time of her death does not mean that her domicile was not in Cleveland County. Our Senators and Representatives in Congress are residents of Washington most of the time, but they are domiciled in this State. The clerks and officials in governmental departments in Washington and in Raleigh are residents in the respective places, but are domiciled in the different cities and places of the State other than where they reside. Frequently people in the State have homes in the cities and towns in the low country, and homes in the mountains, and are residents for many months of the year in their mountain homes, but their domicile is in the low country. By law, ordinarily, the domicile of the wife is that of her husband.

The judgment of the court below is reversed, and it is ordered that the cause be removed to the Superior Court of Cleveland County for trial.

We have not discussed the other contentions made by respondent for removal; for the reasons given, it was unnecessary. The judgment is

Reversed.