GUY D. GRIMES v. CHAS. W. FULTON, AND GUY D. GRIMES v. CHAS. W. FULTON AND J. M. FULTON.

(Filed 17 April, 1929.)

**Appeal and Error J b—Power of removal for convenience of witness is within discretion of court and not reviewable.** .

A motion for the removal of a cause from one county to another for convenience of witnesses and to promote the ends of justice is addressed to the sound discretion of the Superior Court judge, and is not subject to review in the Supreme Court except upon abuse of this discretion, C. S., 470. As to whether a city court has the right to remove a cause for this reason to a Superior Court of a different county is not presented by the record on this appeal.

APPEAL by defendant, Charles W. Fulton, from *Shaw, J.,* at December Term, 1928, of GUILFORD.

Motion by the defendant, Charles W. Fulton, to remove these actions for slander and slander of title from "the municipal court of the city of High Point," where they were instituted, to the Superior Court of Surry County for trial on the grounds of convenience of witnesses and to promote the ends of justice, which motion was denied in the court of first instance and judgment affirmed on appeal to the Superior Court of Guilford County.

From the order of the Superior Court affirming the judgment of the municipal court the said defendant appeals, assigning errors.

*King, Sapp & King, Gold & York and Roberson, Haworth & Reese for plaintiff.*

*Folger & Folger and Carter & Carter for defendant, C. W. Fulton.*

STACY, C. J. It is not conceded that the judge of "the municipal court of the city of High Point" has the power to remove a cause from said municipal court to the Superior Court of a county other than Guilford for trial, but even if it were (which question is not presented and therefore not decided), still the motion to remove, on the grounds stated, "for the convenience of witnesses and to promote the ends of justice," C. S., 470, rests in the sound discretion of the trial court, and is not reviewable on appeal in the absence of abuse of such discretion. *Power Co. v. Klutz,* 196 N. C., 358, and cases cited.

Affirmed.