A. W. HOWARD v. QUEEN CITY COACH COMPANY, a CORPORATION.

(Filed 13 October, 1937.)

1. **Venue § 1—Evidence held sufficient to support finding that plaintiff's residence was in county in which action was instituted.**

   The trial court found, upon supporting affidavits, that prior to the institution of the action plaintiff sold his residence in another county and moved his family and household effects from said county to a town in the county in which the action was instituted, and rented an apartment therein for a period of five months when he moved to another county, but that during that time plaintiff resided in the county in which the action was instituted, although plaintiff was away a considerable portion of the time on business and for medical attention. The court held on the facts found that at the time of the institution of the action plaintiff was a resident of the county, and refused defendant's motion to remove, N. C. Code, 469, 470. *Held:* The finding was supported by sufficient evidence, and defendant's motion was properly denied.

2. **Appeal and Error § 40a—**

   The findings of fact in regard to residence of plaintiff upon defendant's motion to remove are conclusive on appeal when supported by competent evidence.

3. **Domicile § 1—**

   Domicile or legal residence is made up of the fact of residence and the intent to make it a permanent home, without present intent to remove and with intent to return when absent from it.

4. **Venue § 8b: Appeal and Error § 37b—**

   A motion for change of venue for convenience of witnesses and to promote the ends of justice is addressed to the sound discretion of the trial judge, and his action thereon is not reviewable upon appeal except upon abuse of discretion.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Clement, J.,* at June Term, 1937, of McDOWELL. Affirmed.

This is a civil action for actionable negligence, instituted by plaintiff against defendant in McDowell County, N. C. The defendant moved to have the case removed to Buncombe County for trial: (1) On the ground that at the time of the institution of the action the plaintiff was a resident of Buncombe County; for "the convenience of witnesses and the ends of justice would be promoted by the change." The clerk of the Superior Court declined to remove the case, and the defendant appealed to the judge of the Superior Court. The judge presiding declined to remove the case, and the defendant excepted and assigned error to the order made and appealed to the Supreme Court. The only exception and assignment of error is to the order denying the motion to remove.

*Morgan & Story for plaintiff.*
*Williams & Cocke for defendant.*

CLARKSON, J.  N. C. Code, 1935 (Michie), sec. 469, is as follows: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement; or, if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in his summons and complaint, subject to the power of the court to change the place of trial, in the case provided by statute."

Section 470: "If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.  The court may change the place of trial in the following cases: (1) When the county designated for that purpose is not the proper one.  (2) When the convenience of witnesses and the ends of justice would be promoted by the change," etc.

The defendant in apt time filed a petition before the clerk of the Superior Court of McDowell County, N. C., alleging: "(1) The plaintiff at the time of the institution of this action was a citizen and resident of Buncombe County, North Carolina.  (2) The ends of justice as well as the convenience of witnesses will be promoted by the change."

The clerk declined to remove the action, and, on appeal, the court below did likewise.  The court below heard affidavits on the matters in controversy and found certain facts and rendered judgment as follows:

"1. The court finds as a fact that plaintiff alleges he was injured by collision between his automobile and the defendant's bus, and that said collision occurred in McDowell County; that it would be as convenient for witnesses to attend in McDowell County as in Buncombe County.

"2. The court finds as a fact that prior to 20 July, 1936, that the plaintiff was a resident of Buncombe County, living in the town of Black Mountain, and that on 26 July, 1936, the plaintiff sold his residence in Black Mountain and on 22 July, 1936, rented apartment or rooms in a home in the town of Marion and removed his household effects and family from Black Mountain in Buncombe County to Marion in McDowell County.

"3. The court further finds as a fact that the plaintiff is a traveling man; that he paid rent on his rooms in McDowell County in the town of Marion until January, 1937, at which time he left said county and moved to Siler City with his family.  That during the time the plaintiff resided in Marion with his family he was away from home a considerable portion of the time in the transaction of his business, and in having a doctor in Charlotte treat himself and his wife.

"4. The court is of the opinion, and so holds, that at the time of the institution of this action in July, 1936, plaintiff was a *bona fide* resident of McDowell County, and as such resident is entitled to maintain his action in the Superior Court of said county.

"5. The court finds as a fact that the collision occurred near Marion, in McDowell County, and the court finds that it would be as convenient for the witnesses to attend court in McDowell County as it would be in Buncombe County, and that the ends of justice would not be promoted by removal of the cause to Buncombe County from McDowell County.

"Upon the findings, the court is of the opinion, and so holds, that the motion of the defendant for the removal of said cause is denied and the cause is retained for trial in McDowell County Superior Court."

In *Horne v. Horne,* 31 N. C., 99 (107), speaking to the subject, it is said: "The term domicile, in its ordinary and familiar use, means the place where a person lives, or has his home; in a large sense, it is where he has his true, fixed, and permanent home, to which, when absent from it, he intends to return, and from which he has no present purpose to remove. Two things, then, must occur to constitute a domicile—first, residence, and second, the intention to make it a home—the fact and the intent." *S. v. Carter,* 194 N. C., 293; *S. c.,* 195 N. C., 697.

In *Watson v. R. R.,* 152 N. C., 215 (217), it is written: "Probably the clearest definition is that in *Barney v. Oelrichs,* 138 U. S., 529: 'Residence is dwelling in a place for some continuance of time, and is not synonymous with domicile, but means a fixed and permanent abode or dwelling, as distinguished from a mere temporary locality of existence; and to entitle one to the character of a "resident," there must be a settled, fixed abode, and an intention to remain permanently, or at least for some time, for business or other purpose.' To same effect, *Coleman v. Territory,* 5 Okla., 201: 'Residence indicates permanency of occupation as distinct from lodging or boarding or temporary occupation. "Residence" indicates the place where a man has his fixed and permanent abode and to which, whenever, he is absent, he has the intention of returning.' In *Wright v. Genesee,* 117 Mich., 244, it is said: 'Residence means the place where one resides; an abode, a dwelling or habitation. Residence is made up of fact and intention. There must be the fact of abode and the intention of remaining.' And in *Silvey v. Lindsay,* 42 Hun. (N. Y.), 120: 'A place of residence in the common-law acceptation of the term means a fixed and permanent abode, a dwelling place for the time being, as contradistinguished from a mere temporary local residence.'" *In re Ellis,* 187 N. C., 840 (842).

Under the well settled law, as above set forth, the court below found the facts upon sufficient and competent evidence—this is binding on us.

In *Watson's case, supra,* it is said (p. 217) : "The facts found by the judge are conclusive upon us. He found that plaintiff was living at Spencer from March to May, when the injury occurred, as a car repairer, in the defendant's service, under a contract teminable at the will of either party, and that he had never intended to change his residence from Wayne County. Upon these facts, he properly held that the plaintiff retained his residence in Wayne, and refused the motion to remove. It was competent for the plaintiff to testify to his intent. *Hannon v. Grizzard,* 89 N. C., 116."

In *Bigham v. Foor,* 201 N. C., 14 (15), is the following: "Upon the facts found by the trial court, which are conclusive on appeal, as they are supported by competent evidence (*Hennis v. Hennis,* 180 N. C., 606), there was no error in holding that the defendant was a nonresident of the State within the meaning of chapter 75, Public Laws 1929, at the time of the collision between her automobile and the truck driven by the plaintiff. *Brann v. Hanes,* 194 N. C., 571; *Gower v. Carter,* 195 N. C., 687; *S. v. Carter,* 194 N. C., 293; *Roanoke Rapids v. Patterson,* 184 N. C., 135; *Hannon v. Grizzard,* 89 N. C., 116."

In the briefs of the litigants the law on the subject is practically admitted. The application of the law to the facts is the bone of contention. The court below found the facts upon sufficient competent evidence against defendant's contention, and we must be governed by this.

The removal of a case from one county to another for the convenience of witnesses is discretionary with the trial judge. *Belding v. Archer,* 131 N. C., 287; *Eames v. Armstrong,* 136 N. C., 392; *Oettinger v. Live Stock Co.,* 170 N. C., 152. In *Craven v. Munger,* 170 N. C., 424 (426), it is said: "The statute is explicit that the judge 'may' remove the cause to another county when it appears that the convenience of witnesses or the ends of justice may be served thereby. The language of itself makes it a matter of discretion in the court, and in the only four cases in which the matter has ever been contested by appeal, this Court has sustained the plain meaning of the words as giving the judge a discretionary power." A motion for the removal of a cause from one county to another for convenience of witnesses and to promote the ends of justice under this section is addressed to the sound discretion of the trial judge, and is not subject to review in the Supreme Court. *Western Carolina Power Co. v. Klutz,* 196 N. C., 358; *Causey v. Morris,* 195 N. C., 532. Except upon abuse of this discretion. *Grimes v. Fulton,* 197 N. C., 84.

For the reasons given, the judgment of the court below is

Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.