CORNELIA NOWELL DOSS. v. STEPHEN C. NOWELL, III.

(Filed 12 October, 1966.)

**1. Venue § 7—**

　　Where the court finds, upon supporting evidence, that neither plaintiff nor defendant is a resident of the county to which defendant seeks removal on the ground of his residence therein, the court properly denies the motion, G.S. 1-82, and retains jurisdiction even though the evidence would support a finding that neither party is a resident of the county in which the action was instituted, since such fact would be merely grounds for removal to a proper county upon motion duly made, G.S. 1-83, and it is not required that the court, in denying the motion for removal, determine the proper county for trial.

DOSS v. NOWELL.

**2. Appeal and Error § 10—**

An appeal from the denial of a motion in proper form for change of venue is not subject to dismissal as frivolous. Rule of Practice in the Supreme Court No. 17(1).

APPEAL by defendant from *Bundy, J.,* at the 25 April 1965 non-jury Schedule D Session of MECKLENBURG.

This is an action by the alleged accommodation co-maker of two promissory notes against the alleged accommodated co-maker to recover, with interest, payments which the plaintiff was compelled to make upon the notes. The action was instituted 28 December 1965, in the Superior Court of Mecklenburg County. Summons was issued to Catawba County and was there served upon the defendant the next day.

The complaint, as amended, alleges that the plaintiff is a resident of Mecklenburg County and the defendant is a resident of Woodstock, Virginia.

In due time, the defendant filed a motion that the action be removed to the Superior Court of Catawba County for trial, alleging that the plaintiff is, and at the time of the institution of the action was, a resident of New Hanover County and that the defendant is a resident of Catawba County.

In support of his motion to remove, the defendant filed his affidavit stating that the plaintiff was married to a resident of New Hanover County in November, 1965 and had moved her residence from Mecklenburg County to New Hanover County prior to the institution of this action. The affidavit so filed by the defendant does not state the residence of the defendant.

The plaintiff filed a counter-affidavit in opposition to the motion to remove. Therein she alleges: That she and the defendant were husband and wife prior to their divorce on 23 August 1965, which divorce was granted by the Superior Court of Mecklenburg County; that since their separation the defendant has occasionally visited their children at the plaintiff's home and has written to the children, so that the plaintiff has been and is informed as to his whereabouts; that the defendant has not resided in Catawba County since August, 1963, or been a resident of North Carolina since June, 1964, but, after removing to Washington, D. C., became and now is a resident of the State of Virginia, their children having visited him at such residence therein; that she and her present husband resided in Mecklenburg County following their marriage until their home in Mecklenburg County was sold on 28 December 1965, the date on which this action was instituted; and that at the time she verified the complaint in this action she was a resident of Mecklenburg

County, but following the sale of her home she has moved her residence to New Hanover County, where she presently resides.

The court found as a fact that neither the plaintiff nor the defendant is a resident of Catawba County, and denied the motion for change of venue to that county.

*Kenneth D. Thomas for defendant appellant.*
*C. Orville Light of Counsel.*
*Harry A. Berry, Jr. and Jack L. Lawing for plaintiff appellee.*

PER CURIAM. The finding of the trial judge that neither party is a resident of Catawba County is supported by the evidence and is, therefore, binding upon this Court. Upon that finding, Catawba County is not a proper venue for the trial of this action. G.S. 1-82. If it be assumed that, prior to the institution of this action, the plaintiff ceased to be a resident of Mecklenburg County and became a resident of New Hanover County so that Mecklenburg County is not a proper venue, this would not deprive the Superior Court of Mecklenburg County of jurisdiction to try the action. It is ground only for removal to a proper county, if motion therefor is made in due time and in the proper manner. G.S. 1-83; *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 71 S.E. 2d 54; McIntosh, North Carolina Practice and Procedure, 2d ed., § 833. In order to deny a motion for removal to a county which is not a proper venue, it is not required that the court determine what is the proper county for trial. See *Crain and Denbo, Inc. v. Construction Co.*, 250 N.C. 106, 108 S.E. 2d 122.

The motion by the plaintiff that the appeal be dismissed under Rule 17(1) as frivolous and taken for the purpose of delay is denied, but upon consideration of the appeal we find no merit therein.

Affirmed.