Clarke v. Clarke

SALLIE S. CLARKE v. M. H. CLARKE

No. 7228DC534

(Filed 2 August 1972)

1. **Venue § 2— residency — review of findings**
   Facts found by the trial judge in determining questions of residency raised in a motion to remove a case on grounds of improper venue are conclusive on appeal if supported by competent evidence.

2. **Venue § 2— residency — finding by court — evidence**
   The trial court's determination that plaintiff was a resident of Buncombe County when she filed this action for alimony and child custody was supported by her affidavit stating that after she and her children moved from defendant's house in Haywood County they resided in a motel in Buncombe County until she could make arrangements for them to move into an apartment, that plaintiff leased an apartment in Buncombe County after the action was begun and she and the children have lived there since that time, that plaintiff left Haywood County with no intention of returning and with the intention of becoming a permanent resident of Buncombe County, that the minor children are enrolled in school and in dancing school in Buncombe County, that plaintiff has changed her mailing address to her apartment address and has had a telephone installed in her name there, and that the Internal Revenue Service and others have been advised of her address change. G.S. 1-82.

3. **Venue § 2— residency — events after action filed**
   Events transpiring after the action was filed were properly considered by the court in determining plaintiff's residence for venue purposes.

APPEAL by defendant from *Allen, District Judge,* 20 September 1971 Session of District Court held in BUNCOMBE County.

Clarke v. Clarke

On 29 June 1971 plaintiff instituted this action in Buncombe County seeking alimony, alimony pendente lite, custody of minor children born of the marriage and counsel fees. She alleged in her complaint that she is a resident of Buncombe County and that defendant is a resident of Haywood County.

On 14 July 1971 defendant filed a verified motion in which he alleged that both parties are residents of Haywood County and requested removal of the action to that county as a matter of right.

In support of his motion, defendant filed an affidavit on 20 September 1971 which alleges: The parties were married on 4 April 1959 and from that time until 8 June 1971 lived together in Haywood County. On that date plaintiff left the home with the minor children born of the marriage and took with her only a portion of her clothing and personal effects. Defendant is informed plaintiff is staying at the Dinkler Motor Inn in Asheville and has no fixed or definite place of abode other than in Haywood County. The affidavit also alleges that the children have always attended school in Haywood County; the parties are registered to vote there; neither party owns property in Buncombe County; plaintiff indicated a Haywood County address on tax returns filed as late as May 1971, and, on 19 June 1971, filed a change of address form with the post office in Waynesville directing that her mail be delivered to a post office box there.

Defendant also filed other affidavits from residents of Haywood County, all of which tend to show that plaintiff lived with her husband in Haywood County until 8 June 1971.

Plaintiff filed a counter-affidavit in which she alleged the following: On 8 June 1971, after being advised of adulterous conduct on the part of her husband, plaintiff and her children moved from the husband's house in Haywood County to Asheville where they resided in a motel until plaintiff could make arrangements for them to move into an apartment. Plaintiff leased an apartment in Asheville on 2 September 1971 and she and the minor children have lived there since that time. Plaintiff left Haywood County with no intention of returning and with the intention of becoming a permanent resident of Buncombe County. The minor children are enrolled in

public school and in dancing school there. Plaintiff has changed her permanent mailing address to her apartment address and has had a telephone installed in her name there. The Internal Revenue Service and others have been advised of her address change. Plaintiff considers herself a permanent resident of Buncombe County.

After considering the affidavits and arguments of counsel the court made findings of fact, concluded from its findings that when plaintiff commenced this action on 29 June 1971 she was a resident of Buncombe County, and denied defendant's motion to remove. Defendant appealed.

*Bennett, Kelly & Long by E. Glenn Kelly for plaintiff appellee.*

*Roberts and Cogburn by Max O. Cogburn for defendant appellant.*

GRAHAM, Judge.

[1, 2]    Facts found by the trial judge in determining questions of residency raised in a motion to remove a case on grounds of improper venue are conclusive on appeal if supported by competent evidence. *Doss v. Nowell,* 268 N.C. 289, 150 S.E. 2d 394. The findings made by the trial judge in this case are supported by the evidence and support his conclusion that plaintiff was a resident of Buncombe County when she filed this action. Upon this determination, Buncombe County is a proper venue for trial of the case. G.S. 1-82.

[3]    Defendant contends it was error for the court to consider evidence of events transpiring after plaintiff filed this action. We disagree. Plaintiff's subsequent conduct in leasing an apartment, changing her mailing address to Buncombe County and enrolling her children in schools there tends to support her contention that she abandoned her former residence in Haywood County on 8 June 1971 and that Buncombe County has been her permanent residence since that time. See *Bixby v. Bixby,* 361 P. 2d 1075 (Okla. 1961).

Affirmed.

Judges CAMPBELL and VAUGHN concur.