H. HOWARD HOLBROOK, JR. v. VERNA D. HOLBROOK

No. 7821DC3

(Filed 17 October 1978)

**1. Divorce and Alimony § 3— venue—finding as to residence**

The trial court's finding that plaintiff husband was a resident of Forsyth County at the time he instituted an action in that county for divorce and child custody was supported by competent evidence and was conclusive on appeal.

**2. Divorce and Alimony § 23.2— divorce action—jurisdiction of child custody action**

Where a divorce action was properly filed by plaintiff husband in Forsyth County, the courts of Forsyth County attained exclusive jurisdiction of any action for the custody or support of the parties' child until the entry of a final judgment in the divorce action, and the District Court of Guilford County did not have jurisdiction to consider defendant wife's subsequent custody action or any matters arising therein; therefore, the District Court of Guilford County did not have jurisdiction to hear evidence and rule on the issue of whether plaintiff husband was a resident of Forsyth County when he instituted his divorce action in that county, and the District Court of Forsyth County did not err in hearing evidence and ruling on the same issue. G.S. 50-13.5(f).

**3. Appeal and Error § 54.1; Divorce and Alimony § 23— motion to consolidate custody and divorce actions—exercise of discretion**

    A judge of the Forsyth County District Court properly exercised his discretion in denying defendant wife's motion to consolidate plaintiff husband's Forsyth County divorce and child custody action with defendant's Guilford County child custody action for the convenience of witnesses and to promote the ends of justice and in denying defendant's motion to stay all proceedings pending plaintiff's appeal from rulings made in the Guilford County action.

APPEAL by defendant from *Keiger, Judge.* Order entered 2 August 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 30 August 1978.

On 9 May 1977, defendant-wife filed an action in District Court in Guilford County seeking custody of Amber Elaine Holbrook. On 11 May 1977 an order awarding defendant-wife temporary custody was entered by Judge Haworth in District Court, Guilford County. Prior to a hearing set by Judge Haworth to determine permanent custody of Amber Elaine Holbrook, plaintiff-husband filed two special appearance motions requesting that the court dismiss defendant-wife's Guilford County custody action. On 3 June 1977, Judge Haworth, presiding over District Court in Guilford County, entered an order denying plaintiff-husband's motion to dismiss. The court based its order on a finding that plaintiff-husband had been a resident of Guilford County at the time he commenced his divorce and custody action in Forsyth County.

On 13 May 1977, 16 June 1977, and 5 July 1977, defendant-wife filed motions in District Court, Forsyth County requesting: (1) a change of venue to Guilford County; (2) a stay of all proceedings in Forsyth County pending the outcome of an appeal taken by plaintiff-husband from the Guilford County District Court's action; and (3) an order by the court pursuant to G.S. 50-13.5(f) consolidating plaintiff-husband's action with defendant-wife's custody action in Guilford County for the convenience of

witnesses and to promote the ends of justice. A hearing on defendant-wife's motions was held on 11 July 1977.

In support of her motions, defendant-wife filed an affidavit on 5 July 1977 which alleges: Since their marriage on 19 August 1967, plaintiff and defendant have been residents of Guilford County. Defendant-husband was a resident of Guilford County on 6 May 1977, the date he commenced his action for divorce and custody in Forsyth County. Plaintiff-husband spent both the nights of May 5th and May 6th at the parties' home in Guilford County. Numerous witnesses saw or talked to plaintiff-husband at the parties' home in Guilford County on 6 May 1977. On 6 May 1977, plaintiff-husband had a checking account in Guilford County, a joint savings account, and retained his registration to vote there. The minor child of the parties was born in Guilford County and has always lived there with her parents.

Plaintiff-husband filed an affidavit in response to defendant-wife's motions which alleges: He has been continuously employed in Forsyth County since 1968. On account of certain alleged, adulterous conduct by his wife, he decided to move out of the parties' home in Guilford County and move to Forsyth County where he would be closer to his work. He leased an apartment for one year in Kernersville, Forsyth County, on 4 April 1977, intending to move into that apartment as soon as the parties' minor child was out of school. He discovered further evidence of defendant-wife's alleged, adulterous conduct on 24 April 1977 and decided to change his residence to Forsyth County earlier than he had previously intended. On 25 April 1977, he leased furniture for the apartment in Kernersville. On 5 May 1977, he moved his clothing, his daugther's clothing, and personal effects out of the parties' home in Guilford County and transferred them to the apartment in Forsyth County. Upon moving his belongings, he intended his new apartment to be his permanent residence. He returned to the parties' home in Guilford County on the 6th and 7th of May 1977 for the limited purpose of picking up his daughter and some remaining personal effects. He returned to the parties' home in Guilford County at 6:45 p.m. on 6 May 1977 for the sole purpose of being present when his wife had arranged to telephone him there. As of 23 June 1977, he has registered to vote in Forsyth County, he has a checking account there, and his mailing address has been changed to Kernersville.

Pertinent testimony by plaintiff-husband who was called to the stand by defendant-wife at the hearing on her motions was as follows: He returned to the parties' home in Forsyth County on the 5th and 6th of May 1977 for the purpose of receiving telephone calls from his wife. He returned there on 7 May 1977 for the limited purpose of removing other personal effects. Between the time he leased the apartment in Forsyth County and 6 May 1977, he spent substantial amounts of time there getting it into shape. When he moved his belongings into the apartment on 5 May 1977, he had made Forsyth County his permanent residence, intending to return to the parties' home in Guilford County only to remove other effects.

. In his order denying defendant-wife's motions, Judge Keiger found as a fact that plaintiff-husband had been a resident of Forsyth County on 6 May 1977 and that venue was proper in that county. The judge ruled as a matter of law that G.S. 50-13.5(f) conferred exclusive jurisdiction on the Forsyth County Court with respect to custody of the parties' child. On that basis, the court denied defendant-wife's motions for change of venue, to stay proceedings, and for consolidation.

*Harold R. Wilson for plaintiff.*

*Tate and Bretzmann, by C. Richard Tate, Jr., for defendant.*

BROCK, Chief Judge.

[1]  By her second assignment of error, defendant-wife challenges the court's finding of fact that plaintiff-husband was a resident of Forsyth County at the time he commenced his divorce and custody action. The findings of the court as to the residence of the parties are conclusive, however, when supported by any competent evidence. *Doss v. Nowell,* 268 N.C. 289, 150 S.E. 2d 394 (1966); *Howard v. Queen City Coach Co.,* 212 N.C. 201, 193 S.E. 138 (1937); *Clarke v. Clarke,* 15 N.C. App. 576, 190 S.E. 2d 390 (1972). The findings made by the judge in this instance with respect to plaintiff-husband's residence are fully supported by the evidence that was presented. Defendant-wife's second assignment of error is overruled.

[2]  In two other assignments of error, defendant-wife contends: (1) that the court erred in hearing any evidence and ruling on the

question of plaintiff-husband's residence because that issue had already been ruled on in the denial of plaintiff-husband's special appearance motion made in the custody action filed by defendant-wife in Guilford County, and (2) that the court erred when it concluded as a matter of law that it had exclusive jurisdiction over any custody action brought by the parties. Although defendant-wife is correct in her assertion that the Forsyth County Court heard evidence on and decided the same issue as had been decided in her Guilford County custody action, it is clear that the Court did not err in doing so. G.S. 50-13.5 sets forth the procedures to be followed by the courts in all custody actions. Subsection (f) of that section sets forth certain venue provisions applicable to such actions. It provides: "An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, except as hereinafter provided." The first proviso reads: "If an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, *until there has been a final judgment in such case,* any action or proceeding for custody and support of the minor children of the marriage *shall* be joined with such action or be by motion in the cause in such action." (Emphasis added.) In *Kennedy v. Surratt,* 29 N.C. App. 404, 224 S.E. 2d 215 (1976), we held that when a divorce action has been filed in one county, and there has not been a final judgment in that action, the courts of another county are, by virtue of the proviso in G.S. 50-13.5(f) quoted *supra,* "without jurisdiction to entertain an independent action for custody of the minor children of the parties." *Id.* at 406, 224 S.E. 2d at 216. Because the divorce action in this case was properly filed in Forsyth County District Court by plaintiff-husband, the courts of any other county were subsequently without jurisdiction to consider an independent action for custody. Conversely, the Forsyth County Court attained exclusive jurisdiction of any action or proceeding for the custody and support of the parties' child until the entry of a final judgment in the action. Therefore, the District Court in Guilford County did not have jurisdiction to consider defendant-wife's independent custody action or any matters arising therein. "When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, *i.e.,* as if it never happened." *Hopkins v. Hopkins,* 8 N.C.

App. 162, 169, 174 S.E. 2d 103, 108 (1970). Although the Guilford County Court did hear evidence and rule on the issue of plaintiff-husband's residence on 6 May 1977, it was without jurisdiction to do so, and the Forsyth County Court did not err by hearing evidence and ruling on the same issue.

[3] Defendant-wife also contends the court erred in ruling on her motion to consolidate the Forsyth County action with the Guilford County custody action and her motion to stay all proceedings pending the outcome of plaintiff-husband's appeal from the ruling on his motions made in the Guilford County action. Defendant-wife contends that the court failed to exercise discretion in ruling on those motions. We find this assignment of error to be without merit. Judge Keiger's order reveals that he clearly understood his authority to rule on the motions in question was a matter within his discretion, that he heard and considered all of the evidence for the plaintiff, and that only after doing so did he rule on the motions.

Affirmed.

Judges CLARK and ARNOLD concur.