VERNA RUTH DOBBINS HOLBROOK v. HERBERT HOWARD HOLBROOK, JR.

No. 7718DC975

(Filed 17 October 1978)

APPEAL by defendant from *Haworth, Judge.* Order signed 9 June 1977, *nunc pro tunc* as of 3 June 1977. Heard in the Court of Appeals 30 August 1978.

On 6 May 1977 the defendant in this custody action initiated an action for divorce and custody in Forsyth County District Court. On 9 May 1977, plaintiff-wife filed this action in Guilford County seeking custody of and support for the parties' minor child. Upon plaintiff-wife's motion of 10 May 1977, the court ordered that she be given temporary custody of the child and set a hearing to determine permanent custody. On 24 and 31 May 1977, defendant-husband filed special appearance motions seeking a dismissal of plaintiff-wife's custody action on grounds that the Forsyth County Court in which he had filed his divorce and custody action prior to the initiation of plaintiff-wife's Guilford County custody action had exclusive jurisdiction of all custody matters arising between the parties. Plaintiff-wife filed an affidavit in response to these motions asserting that because defendant-husband had not been a resident of Forsyth County at the time he commenced his action for divorce and custody there, her independent custody action could be maintained. After conducting a hearing on defendant-husband's motions to dismiss, Judge Haworth signed an order finding that defendant-husband had not been a resident of Forsyth County at the time he commenced his action there, denying his motions to dismiss the action, and awarding custody of the parties' child to plaintiff-wife pending the outcome of defendant-husband's appeal of the ruling.

*Tate and Bretzmann, by C. Richard Tate for plaintiff.*

*Harold R. Wilson for defendant.*

BROCK, Chief Judge.

In the opinion filed this date in *Holbrook v. Holbrook*, 38 N.C. App. 303, 247 S.E. 2d 923 (1978), we affirmed the ruling of the Forsyth County Court in which defendant-husband had filed his divorce and custody action that defendant-husband was a resident of Forsyth County at the time he commenced his action there. Because defendant-husband's action in Forsyth County was properly maintained there, and because we held in that opinion that G.S. 50-13.5(f) conferred exclusive jurisdiction of all custody matters on the Forsyth County Court until a final judgment should be entered, the Guilford County Court was without jurisdiction to consider this independent custody action or matters arising therein. The order of the District Court, Guilford

County, denying defendant-husband's motion to dismiss is vacated, and this cause is remanded for entry of an order dismissing this action.

Vacated and remanded.

Judges CLARK and ARNOLD concur.