LUMBERMENS MUTUAL CASUALTY COMPANY v. GOLDIE PEARL SMALL-
WOOD, TERESA ANN BRITT, ANTHONY CHARLES HUTCHINSON AND
THOMAS WAYNE NEW

No. 8310SC444

(Filed 5 June 1984)

**Insurance § 87.2— entitlement to coverage under automobile policy—resident of
same household—permission of owner to drive automobile**

In a declaratory judgment action instituted by the insurer of an
automobile in which the plaintiff sought a judicial determination of its
liabilities under the policy, the trial court erred in granting plaintiff's motion
for summary judgment since there was a genuine issue as to whether the
driver of the automobile was a resident in her mother's household and as to
whether she was operating the vehicle with the permission of its owner.

DEFENDANT appeals from *Bailey, Judge.* Judgment entered
25 February 1983 in Superior Court, WAKE County. Heard in the
Court of Appeals 8 March 1984.

On 31 January 1981, an automobile owned by Anthony
Charles Hutchinson and being operated by Teresa Ann Britt over-
turned causing injury to Thomas Wayne New, who was a passen-
ger in the vehicle. On 22 December 1981, New filed suit against
Hutchinson, Britt and Goldie Pearl Smallwood, Britt's mother,
seeking compensation for the injuries he received in the accident.

Plaintiff Lumbermens Mutual Casualty, the insurer of Small-
wood, instituted a declaratory judgment action in which it sought
a judicial determination of its liabilities under the policy it issued
to Smallwood. The policy contains the following provisions:

LUMBERMENS MUTUAL CASUALTY COMPANY . . .

(a) agrees with the insured . . . [t]o pay on behalf of the in-
sured all sums which the insured shall become legally obli-
gated to pay damages because of . . . bodily injury . . .
arising out of the ownership, maintenance or use of . . . any
non-owned automobile. . . .

The policy further defines those persons afforded coverage
as:

PERSONS INJURED

The following are insureds under Part I:

. . . .

(b) With respect to a non-owned automobile,

. . . .

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation . . . is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission. . . .

. . . .

DEFINITIONS

. . . .

"relative" means a relative of a named insured who is a *resident* of the same household.

Plaintiff alleged in its complaint that Teresa Ann Britt was not entitled to coverage under the policy in that she was not a resident of the same household as Goldie Pearl Smallwood and was not, at the time of the accident, driving the vehicle with the permission of its owner. On 23 July 1983, plaintiff filed a motion for summary judgment in which it contended that the depositions and pleadings in the declaratory judgment action showed no genuine issue of material fact. Upon the granting of this motion, defendant Thomas Wayne New gave notice of appeal.

*Warrick, Johnson and Parsons, by Dale P. Johnson, and Lanier and Fountain, by Russell J. Lanier, Jr., for defendant appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner and Hartzog, by Dan M. Hartzog, for plaintiff appellee.*

ARNOLD, Judge.

Defendant contends that the trial court erred in granting plaintiff's motion for summary judgment in that there is a genuine issue of material fact as to whether Teresa Ann Britt was a resident in her mother's household at the time of the accident and as to whether she was operating the automobile with the permission of Anthony Charles Hutchinson, the owner of the vehicle. We

agree that there are genuine issues as to both questions and find that the court committed error in granting plaintiff's motion for summary judgment.

Defendant bases his contention regarding the residency of Teresa Ann Britt on the affidavits of various persons who averred that she in fact appeared to be living with her mother at the time of the accident and on the answer filed by Britt in which she stated she was a resident of her mother's household. We find that this evidence raises at the very least an issue of fact which should be passed upon by a jury.

Under Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." However, upon ruling on a motion for summary judgment, the court must look at the record in the light most favorable to the party opposing the motion. *Patterson v. Reid*, 10 N.C. App. 22, 178 S.E. 2d 1 (1970).

For defendant to prevail in this matter, there must first be a finding that there is some question about whether Teresa Ann Britt was a "resident" of her mother's household at the time of the accident. "The words 'resident,' 'residing' and 'residence' are in common usage and are found frequently in statutes, contracts and other documents of a legal or business nature. They have, however, no precise, technical and fixed meaning applicable to all cases." *Jamestown Mutual Insurance Co. v. Nationwide Mutual Insurance Co.*, 266 N.C. 430, 435, 146 S.E. 2d 410, 414 (1966). One of the more complete definitions is found in the case of *Watson v. North Carolina Railroad Company*, 152 N.C. 215, 67 S.E. 502 (1910): "Residence is dwelling in a place for some continuance of time, and is not synonymous with domicile, but means a fixed and permanent abode or dwelling as distinguished from a mere temporary locality of existence; and to entitle one to the character of a 'resident,' there must be a settled, fixed abode, and an intention to remain permanently, or at least for some time, for business or other purposes." *Id.* at 209, 67 S.E. at 503.

At her deposition, Teresa Ann Britt testified that she "had a blue and white trailer that was parked right behind my Mom and

I was living there on January 31, 1981. Prior to that, I had been living with my mother." Moreover, when questioned specifically about her residence, the following exchange occurred:

Q. And at that time you were supporting yourself?

A. Yes sir.

Q. And living in your trailer?

A. Yes.

Q. And you were not a resident of your mother's house?

A. I was not.

On the other hand, defendant has introduced numerous affidavits purporting to show that Teresa Ann Britt was living with her mother at the time of the accident and that, in fact, the trailer in which Teresa Ann Britt contends she was residing was not connected to water, sewer or gas and had broken windows and doors, making it unsuitable for occupancy. Moreover, Britt contended in her answer that she was a resident of her mother's household. In examining the record in the light most favorable to defendant, it appears that the aforementioned evidence does in fact establish a genuine issue as to whether, at the time of the accident, Teresa Ann Britt had established a "permanent abode" in either her mother's house or in the nearby trailer. Certainly reasonable men could reach different conclusions about her residency. *See Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). As there is conflicting evidence as to whether Britt was living with her mother or in a separate trailer on 31 January 1981, we conclude that this question must be answered by a jury.

As for the second question of whether Britt drove the vehicle with the permission of its owner, we, again, find the existence of a genuine issue of material fact. Although Anthony Clark Hutchinson testified in his deposition that he never allowed Britt to use his automobile, there were in evidence affidavits from area residents who stated that they had, in fact, seen Britt drive Hutchinson's car on other occasions. Moreover, Britt stated in her answer that she thought she had had Hutchinson's permission to drive the vehicle. We find that the conflicting nature of this forecast of evidence warrants that the question of whether Britt

operated the vehicle with the permission of its owner be submitted to a jury.

Upon our finding that there are genuine issues both as to the question of whether Britt was a resident in her mother's household and as to the question of whether she was operating the vehicle with the permission of its owner, we hold that the order of the trial court granting plaintiff's motion for summary judgment is

Reversed.

Judges WELLS and BRASWELL concur.