NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiff v. PATRICIA LOWE, NATIONWIDE MUTUAL INSURANCE COMPANY, and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendants

No. COA06-341

(Filed 7 November 2006)

**Insurance— homeowners—person living with boyfriend—resident of parents' home**

A genuine issue of material fact existed as to whether the caretaker of dogs owned by her boyfriend's parents (the Welborns), with whom the caretaker, her boyfriend and their children were living, was a resident of her parents' home at the time the dogs caused a bicyclist to suffer injuries so as to preclude summary judgment on the issue of whether the caretaker was insured under a homeowners policy issued to her parents where the caretaker's deposition showed that she had lived most of her life before and after the accident at her parents' house; she only stayed at the Welborn house for a few months and moved back into her parents' house shortly after the accident; she did not pay rent or any share of the utilities while staying at the Welborn house; she had moved out of her parents' house for temporary periods on previous occasions; her mail, including her children's

N.C. FARM BUREAU MUT. INS. CO. v. LOWE

[180 N.C. App. 215 (2006)]

monthly Medicaid cards, was mailed to her parents' house; and while her parents' house and the Welborn house were in separate school districts, she did not register her children at the school located in the Welborns' home school district.

Appeal by defendants from order entered 9 December 2005 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 18 October 2006.

*Pinto Coates Kyre & Brown, P.L.L.C., by David L. Brown and John I. Malone, Jr., for plaintiff-appellee.*

*Teague, Rotenstreich & Stanaland, LLP, by Paul A. Daniels, for defendants-appellants.*

TYSON, Judge.

Patricia Lowe, Nationwide Mutual Insurance Company, and Nationwide Mutual Fire Insurance Company (collectively, "defendants") appeal from an order entered 9 December 2005 granting North Carolina Farm Bureau Mutual Insurance Company's ("plaintiff") motion for summary judgment and denying defendants' motion for summary judgment. We reverse and remand.

## I. Background

Patricia Lowe ("Lowe") and Michael Welborn ("Welborn") were romantically involved, did not marry, and procreated two children. In 2000, Welborn was arrested and convicted of illegal drug possession and sent to prison. Lowe and the children lived with her parents, Daniel and Deborah Lowe, in Thomasville, North Carolina (the "Lowe house"). The Lowe house is insured under a homeowner's insurance policy issued by the Nationwide defendants.

Welborn was released from prison in March 2001 and Lowe resumed the relationship with Welborn, provided he avoided illegal drugs. Lowe's parents did not agree with her seeing Welborn. They told Lowe if she resumed her relationship with Welborn, she could not live in the Lowe house.

In May 2001, Lowe and her two children moved out of the Lowe house and into Welborn's parent's house in Lexington, North Carolina (the "Welborn house"). The Welborn house was insured under a homeowners insurance policy issued by plaintiff.

On 11 August 2001, Lowe and her children were alone at the Welborn house. Lowe was caring for the Welborn's two dogs at the Welborn house. While Lowe was preparing her children to go to a soccer team sign up, she let the two dogs out of the Welborn house. While the dogs were outside, they chased a bicyclist, Glenda Green ("Green"). The dogs caused Green to fall from the bike and she suffered severe injuries.

Plaintiff determined Lowe was an insured under the homeowners policy on the Welborn house. Plaintiff settled Green's claim for $65,000.00 and secured a release of all claims against Lowe and the Welborns.

In late August or early September 2001, Lowe and the children moved back into the Lowe house after Welborn resumed using drugs. On 5 August 2004, plaintiff brought a declaratory judgment action to construe defendants' insurance policy covering the Lowe house. Plaintiff alleged: (1) the Nationwide defendants provided an insurance policy to Lowe's parents; (2) Lowe was a resident of the Lowe house on 11 August 2001; (3) Lowe was responsible for supervising the dogs which attacked Green; and (4) it was entitled to reimbursement from defendants in the amount paid in excess of its pro rata share to settle Green's claim.

On 17 October 2005, plaintiff moved for summary judgment. On 31 October 2005, defendants cross-motioned for summary judgment. On 9 December 2005, the trial court entered summary judgment in favor of plaintiff stating it was "entitled to recover all sums paid in excess of its pro rata share of the settlement of $65,000.00 paid to [Green] on behalf of [Lowe]." The trial court denied defendants motion for summary judgment. Defendants appeal.

## II. Issues

Defendants contend: (1) the trial court erred by granting plaintiff's motion for summary judgment and denying defendants' motion for summary judgment and (2) presuming Lowe was a resident of her parent's home, plaintiff cannot recover from defendants under a theory of subrogation because she was an insured under plaintiff's policy.

## III. Standard of Review

Summary judgment is appropriate in a declaratory judgment action when there are no genuine issues of material fact and either

party is entitled to judgment as a matter of law. *Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 42-43 (1972).

> An issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail.

*Mecklenburg County v. Westbery*, 32 N.C. App. 630, 634, 233 S.E.2d 658, 660 (1977) (citing *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E.2d 795 (1974); *McNair v. Boyette*, 282 N.C. 230, 192 S.E.2d 457 (1972)).

"Summary judgment is a drastic remedy." *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 51, 191 S.E.2d 683, 688 (1972). We review the record in the light most favorable to the non-moving party, giving them the benefit of all reasonable inferences. *Whitley v. Cubberly*, 24 N.C. App. 204, 206-07, 210 S.E.2d 289, 291 (1974) (citations omitted). The burden is upon the party moving for summary judgment to establish no genuine issue of fact remains for determination and that he is entitled to judgment as a matter of law. *Savings & Loan Assoc.*, 282 N.C. at 51, 191 S.E.2d at 688.

### IV. Residency

Defendants contend the trial court erred by granting summary judgment for plaintiff because "at a minimum, the facts taken in the light most favorable to the Defendants demonstrate that there is at least a genuine issue of material fact as to whether [Lowe] was a resident of [the Lowe house] on 11 August 2001." We agree.

Both insurance policies define an "insured" as:

3. "Insured" means you *and residents of your household* who are:

(a) Your relatives; or

(b) Other persons under the age of 21 and in the care of any person named above.

Under Section II [Liability], "insured" also means:

(c) With respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by you or any person included in 3.a. or 3.b. above.

(Emphasis supplied). For plaintiff to prevail, it must show no genuine issue of material fact exists that Lowe was a "resident" relative of the Lowe household at the time of the accident on 11 August 2001, when the facts are viewed in the light most favorable to defendants.

"The words 'resident,' 'residing' and 'residence' are in common usage and are found frequently in statutes, contracts and other documents of a legal or business nature. They have, however, no precise, technical and fixed meaning applicable to all cases." *Insurance Co. v. Insurance Co.*, 266 N.C. 430, 435, 146 S.E.2d 410, 414 (1966). Our Supreme Court has stated:

> Residence is sometimes synonymous with domicile. But when these words are accurately and precisely used, they are not convertible terms. Residence simply indicates a person's actual place of abode, whether permanent or temporary; domicile denotes a person's permanent dwelling-place, to which, when absent, he has the intention of returning. Hence, a person may have his residence in one place, and his domicile in another.

*Sheffield v. Walker*, 231 N.C. 556, 559, 58 S.E.2d 356, 359 (1950) (internal citations and quotations omitted).

This Court has also stated, although in a different factual context, that "it is generally recognized that a person may be a resident of more than one household for insurance purposes." *Davis v. Maryland Casualty Co.*, 76 N.C. App. 102, 106, 331 S.E.2d 744, 746 (1985) (citing *Travelers Insurance Co. v. Mixon*, 118 Ga. App. 31, 162 S.E.2d 830 (1968)).

Based on deposition testimony, defendants contend Lowe was a resident of and domiciled at only the Welborn house on 11 August 2001. Lowe indicated she never intended to reside with her parents at the Lowe house again when she moved out in May 2001. Lowe intended to live at the Welborn house until such time as she and Welborn had saved enough money to obtain a home of their own. Lowe did not leave any of her possessions at the Lowe house after May 2001. Lowe requested her automobile payment information be sent to the Welborn house. Lowe began receiving bulk mail at the Welborn house.

On the other hand and based on Lowe's deposition, plaintiff contends Lowe was a resident of the Lowe house on 11 August 2001. Lowe had lived most of her life both before May 2001 and after 11 August 2001 at the Lowe house. Lowe only stayed at the Welborn

**N.C. FARM BUREAU MUT. INS. CO. v. LOWE**

[180 N.C. App. 215 (2006)]

house for a few months and moved back into the Lowe house in September 2001. Lowe did not pay rent or any share of the utilities while staying at the Welborn house. Lowe had moved out of the Lowe house for temporary periods on previous occasions, each time returning to live at the Lowe house. Lowe's mail, including her children's monthly Medicaid cards, was mailed to the Lowe house between May 2001 and September 2001. Lowe's Nationwide auto insurance bills were mailed to the Lowe house. While the Lowe house and the Welborn house were located in separate school districts, Lowe did not register her children at the school located in the Welborn's home school district.

Reviewed in the light most favorable to defendants, these facts establish a genuine issue of material fact exists whether, at the time of the accident, Lowe was a "resident" of the Lowe house. This conflicting evidence should be answered by the trier of fact and not on a motion for summary judgment. *See Lumbermens Mutual Casualty Co. v. Smallwood*, 68 N.C. App. 642, 646, 315 S.E.2d 533, 536 (1984) (The order of the trial court granting the plaintiff's motion for summary judgment reversed upon a finding that there was a genuine issue as to the question of residency).

## V. Conclusion

A genuine issue of material fact exists as to whether Lowe was a resident in the Lowe house on 11 August 2001. The trial court's judgment granting plaintiff's motion for summary judgment is reversed and this cause is remanded for further proceedings. In light of our decision, we do not address defendants' remaining assignment of error.

Reversed and Remanded.

Judges BRYANT and LEVINSON concur.