ROBERT CLYDE BENSON v. PATRICIA GAIL BENSON

No. 7823DC268

(Filed 19 December 1978)

**Divorce and Alimony § 23.1— wife's action for alimony without divorce and child custody — husband's subsequent custody action — jurisdiction**

> Where the wife filed a complaint in Anson County on 1 November 1977 seeking alimony without divorce and child custody and support, the court in Wilkes County was without jurisdiction to entertain the husband's action for child custody instituted in Wilkes County on 2 November 1977.

APPEAL by defendant from *Davis, Judge.* Order entered 16 January 1978 in District Court, WILKES County. Heard in the Court of Appeals sitting in Winston-Salem 5 December 1978.

On 1 November 1977, the defendant, Patricia Gail Benson, filed a complaint in Anson County commencing an action against the plaintiff, Robert Clyde Benson, seeking custody of their child, child support and alimony without divorce. The following day, the plaintiff commenced this action in Wilkes County by filing a complaint seeking custody of their child. The plaintiff's complaint and summons in this action brought in Wilkes County were served on the defendant on 4 November 1977. The defendant's complaint and summons in the action previously filed in Anson County were not served on the plaintiff until 16 November 1977. The defendant filed an answer to the plaintiff's complaint substantially denying the allegations of the complaint and alleging that the action commenced in Anson County on 1 November 1977 constituted a prior action for custody, support and alimony. A custody hearing was held in Wilkes County on 13 January 1978. Neither the defendant nor her attorney appeared at that hearing. At the conclusion of that hearing, the trial court entered an order awarding custody of

the minor child to the plaintiff, Robert Clyde Benson. The defendant appealed.

*Porter, Conner & Winslow, by Kurt R. Conner, for plaintiff appellee.*

*Henry T. Drake for defendant appellant.*

MITCHELL, Judge.

·The defendant assigns as error the trial court's actions in conducting a hearing and awarding custody of the minor child to the plaintiff. In support of this assignment, the defendant contends that her action was commenced in Anson County prior to the commencement of this action and vested exclusive jurisdiction and venue of the child custody proceeding in Anson County. We agree.

No other actions concerning the matters raised in this action were pending at the time the defendant filed her complaint commencing her action against the plaintiff in Anson County. The defendant's complaint in the Anson County action was filed one day prior to the filing of the plaintiff's complaint in this action in Wilkes County. Generally speaking, actions for child custody, child support and alimony follow the same procedures as other civil actions. G.S. 50-13.5(a); G.S. 50-16.8(a). "A civil action is commenced by filing a complaint with the court." G.S. 1A-1, Rule 3. Once an action is commenced, it is pending before the court. "If there is a pending action for annulment, divorce, or alimony without divorce, there cannot be any subsequent action or proceeding instituted for the custody and the support of a minor child of the marriage, it being necessary for a determination of custody and support of the minor child, that the issue be joined in the pending action or by a motion in the cause in such action." 3 Lee, North Carolina Family Law § 222 (1976 Supp.).

The defendant's action in Anson County seeking alimony without divorce, child custody and child support, having been commenced prior to the commencement of this action in Wilkes County, the trial court was without jurisdiction to entertain this independent action by the plaintiff for custody of the minor child. G.S. 50-13.5(f); *Holbrook v. Holbrook*, 38 N.C. App. 303, 247 S.E. 2d 923 (1978). The trial court did not have jurisdiction to consider

any matter arising from the plaintiff's complaint, and the entire proceeding before the trial court and its order are, therefore, null and void. *Holbrook v. Holbrook*, 38 N.C. App. 303, 247 S.E. 2d 923 (1978); *Hopkins v. Hopkins*, 8 N.C. App. 162, 174 S.E. 2d 103 (1970). The order of the trial court must be and is vacated and the cause remanded.

Vacated and remanded.

Judges CLARK and WEBB concur.