STROUD, Judge.
 

 *476
 
 Defendant Allyson Scott Johnston appeals an order denying her motion to dismiss the case filed by plaintiff in Caswell County and to have it transferred to Wake County. Because defendant's custody claim was filed in Wake County before plaintiff filed his claim in Caswell County, the district court in Caswell County did not have subject matter jurisdiction over the custody claim. We reverse the order denying defendant's
 
 *477
 
 motion to dismiss, remand for consideration of defendant's motion for sanctions, and vacate the temporary visitation and custody orders.
 

 I. Background
 

 On 4 April 2009, plaintiff William Russell Johnston ("Husband") and defendant Allyson Scott Johnston ("Wife") were married. The parties had two children, one in 2012 and one in 2014. The parties separated, although the exact date is in dispute, and on 15 September 2015, Husband filed a complaint in Caswell County against Wife for custody, divorce from bed and board, and equitable distribution, alleging the parties had separated on 2 August 2015. On 22 September 2015, the complaint was served on Wife. Thereafter, on 1 October 2015, Husband voluntarily dismissed his Caswell County complaint without prejudice.
 

 On 8 October 2015, Wife filed a complaint against Husband in Wake County for custody, child support, post-separation support, alimony, and attorney fees. A temporary custody hearing was set in Wake County for 15 December 2015. Husband was not served with the Wake County summons and complaint on the sheriff's initial attempts, and he later admitted that he intentionally avoided service. On 13 October 2015, Husband filed a second complaint against Wife in Caswell County for custody, divorce from bed and board, and equitable distribution; the complaint fails to note the active suit in Wake County, although husband was aware that it had been filed.
 

 On 19 October 2015, Husband filed a motion in Caswell County requesting entry of an order for temporary child custody and visitation. On 2 November 2015, Wife filed a motion to dismiss the Caswell County case for lack of jurisdiction because of her prior pending action in Wake County. Also on 2 November 2015, the district court heard Husband's request for temporary custody, although Husband was not present and his attorney admitted he did not come to the hearing he had scheduled for temporary custody because he was avoiding service in the Wake County case:
 

 MS. RAMSEY: His client's not even here. His client is asking for temporary custody of the children, and he's not even here. The reason he's not here is because he knows, if he comes in here, he's going to be served with this Wake County action. He's avoiding service.
 

 THE COURT: Well, let me say this. Mr. Bradsher, you need to get your client available for service so-
 
 *478
 
 MR. BRADSHER: Your Honor, I don't doubt it. But there's nothing that says he has to make himself available. And we're prepared to go forward today .... We have everybody here.
 

 ....
 

 MR. BRADSHER: Your Honor, I mean, this is a civil matter.
 

 THE COURT: Okay. Okay. As a directive from the bench, make sure your client is available for service on this-on her-on the Wake County case-
 

 MR. BRADSHER: I don't know that I have the ability to do-
 

 THE COURT:-this week. Somebody in this room can get Russell Johnston into the Sheriff's Office to get served this week. Well, maybe I-I'm just telling you he needs to get-go ahead and get served.
 

 Despite Husband's absence and the lack of any apparent emergency or need for an immediate order, the district court entered a temporary custody order granting Husband visitation on weekends and holidays and set Wife's motion to dismiss for hearing on 18 December 2015.
 

 *465
 
 On 6 November 2015, Husband was served with the summons and complaint in the Wake County action. On 30 November 2015, Husband filed a motion to amend his complaint alleging that he had voluntarily dismissed his prior Caswell County complaint based upon Wife's indication that she wanted to reconcile but he later learned this was not true. On 18 December 2015, Husband responded to Wife's motion to dismiss the action in Caswell County, arguing Caswell County was the proper venue because Wife was served in the Caswell County action before he was served in the Wake County action and alleging that Wife "tricked" him into dismissing his first Caswell County action so that she could file in Wake County.
 

 Also on 18 December 2015, the district court heard Wife's motion to dismiss. The parties agreed that the equitable distribution and divorce from bed and board claims were properly in Caswell County and the post-separation support and alimony claims were only in Wake County.
 
 [1]
 
 The only claim for which jurisdiction was at issue was child custody;
 

 *479
 
 Husband argued the case was properly in Caswell County and Wife argued Caswell County had no jurisdiction because the Wake County action had been filed first. Wife's counsel directed the district court to the applicable laws in Chapter 50 of the North Carolina General Statutes. In response to the district court's focus on where the children had lived for the six months next preceding the filing of the action, Wife's counsel pointed out that the UCCJEA, North Carolina General Statute, Chapter 50A, was not applicable to this case since both parties are in North Carolina. On 4 January 2016, in Wake County, Husband filed a motion to dismiss the Wake County action or alternatively for a change of venue to Caswell County.
 

 On 13 January 2016, the district court returned to complete the hearing on the motion to dismiss and to enter an additional order addressing temporary custody. The district court did not hear any evidence. Wife's counsel requested a finding of fact that the district court was basing its temporary custody decision on absolutely no evidence, and the district court acknowledged that the order was "based solely on the pleadings and arguments of counsel." The court's concern was "whether I think I've got jurisdiction over the child custody." Ultimately, the district court denied Wife's motion to dismiss, and on 20 January 2016 entered an order denying Wife's motion to dismiss and an order granting joint temporary custody to Husband and Wife with an alternating week custodial schedule. Wife appeals the order denying her motion to dismiss.
 

 II. Motion to Dismiss
 

 Wife makes two arguments on appeal. We first note that an order which denies a motion to dismiss on the ground of a prior pending action, while interlocutory, is immediately appealable.
 
 See
 

 Gillikin v. Pierce
 
 ,
 
 98 N.C. App. 484
 
 , 486,
 
 391 S.E.2d 198
 
 , 199 (1990). Wife's first argument challenges many of the district court's findings of fact as (1) not being supported by competent evidence since there was no evidence, testimonial or documentary, presented at the hearing, or (2) actually being conclusions of law and not findings of fact. As the order notes, the district court considered only the pleadings and arguments of counsel, so there was no evidence upon which to base findings regarding custody or visitation. But Wife's second argument involves the crucial matter of subject matter jurisdiction to enter any custody order, so we will address this issue first.
 

 Wife argues that because she filed her custody complaint first in Wake County, Wake County had jurisdiction over the custody matter, and Caswell County did not. Wife specifically contends that "the trial
 
 *480
 
 court erred by concluding as a matter of law that i[t] has jurisdiction over the subject matter and of the parties to this action in conclusion of law 1 and by denying defendant-appellant's motion to dismiss." We review
 
 de novo
 
 the denial of Wife's motion to dismiss on the basis that the district court had subject matter jurisdiction.
 
 See
 

 *466
 

 Shoaf v. Shoaf,
 

 219 N.C. App. 471
 
 , 474-75,
 
 727 S.E.2d 301
 
 , 304 (2012) ("As a result of the fact that Defendant's dismissal motions raise issues of law, the trial court's refusal to dismiss Plaintiffs' complaint is subject to
 
 d[e] novo
 
 review.")
 

 The relevant portion of the district court's order challenged on appeal and its decree, are as follows:
 

 1. The Court has jurisdiction of the subject matter and of the parties to this action.
 

 2. The findings of fact above are hereby incorporated by reference as if restated.
 

 Ordered, adjudged, and decreed as follows:
 

 1.
 
 Coble v. Coble
 
 ,
 
 229 N.C. 81
 
 [
 
 47 S.E.2d 798
 
 ], is the controlling case on the issue of Defendant Mother's Motion to Dismiss.
 

 2.
 
 Benson v. Benson
 
 ,
 
 39 N.C. App. 254
 
 [
 
 249 S.E.2d 877
 
 ] is not controlling on the issue because Plaintiff father had not yet been served with the Wake County Complaint at the time the Court entered the Temporary Visitation Order (signed by counsel for both parties) on November 2, 2015.
 

 3. The legislative intent under the UCCJEA is to stop forum shopping.
 

 4. Although this Court acknowledges that the UCCJEA applies to custody actions between two states, the Court believes this legislative intent dissuading forum shopping applies to intrastate forum shopping as well.
 

 5. The Court has continuing exclusive jurisdiction over the issue of child custody.
 

 6. The Court has jurisdiction to hear the issues of Divorce from Bed and Board and Equitable Distribution, raised in Plaintiff Father's Complaint.
 

 7. The Court reserves its ruling on attorney's fees as Defendant Mother's counsel made an oral notice of appeal at the end of the Court's ruling.
 

 8. Defendant's Motion to Dismiss is denied.
 

 *481
 
 The district court determined "
 
 Coble v. Coble
 
 ,
 
 229 N.C. 81
 
 [
 
 47 S.E.2d 798
 
 ], is the controlling case[.]" However,
 
 Coble
 
 addressed an
 
 interstate
 
 factual situation and was decided before the adoption of the Uniform Child-Custody Jurisdiction Enforcement Act ("UCCJEA") which now controls
 
 interstate
 
 custody cases in North Carolina.
 
 See
 

 Coble v. Coble,
 

 229 N.C. 81
 
 ,
 
 47 S.E.2d 798
 
 (1948) ;
 
 see generally
 
 N.C. Gen. Stat. Ch. 50A (2015). In
 
 Coble
 
 , both the wife and children lived outside of the State of North Carolina and our Supreme Court determined North Carolina did not have jurisdiction over determining child custody:
 

 If the custody of children is the issue, they must be within the bounds of the State.
 

 The action, as it relates to the custody of the children, is in the nature of an
 
 in rem
 
 proceeding. The children are the
 
 res
 
 over which the court must have jurisdiction before it may enter a valid and enforceable order. Indeed, a divorce action is so considered, the status being the
 
 res
 
 . It is for this reason service of summons by publication is permitted.
 

 At the time the order was issued, the res was not within the jurisdiction of the court. The defendant-the custodian-was not served with notice and was not accorded an opportunity to be heard.
 
 This runs counter to the genius of a free people and will not be permitted. The order is void.
 

 ....
 

 It is true that upon the institution of a divorce action the court is vested with jurisdiction of the children of the marriage for the purpose of entering orders respecting their care and custody.
 
 But the action is not instituted, within the meaning of this rule, until and unless the court acquires jurisdiction of the person of the defendant, and is
 

 subject to the fundamental requirement of notice and opportunity to be heard.
 

 If both parents are in court and subject to its jurisdiction, an order may be entered, in proper instances, binding the parties and enforceable through its coercive jurisdiction. But such is not the case here. Neither the infants nor their mother was subject to the jurisdiction of the court at the time the order was entered.
 

 *482
 

 It is fundamental that a State has no power to enact laws to operate upon things or persons not within her own territory.
 

 *467
 

 Coble
 
 ,
 
 229 N.C. at 84-85
 
 ,
 
 47 S.E.2d at 800-01
 
 (emphasis added) (citations and quotation marks omitted). While service was an issue in
 
 Coble
 
 , the Court's ruling was ultimately based upon the fact that North Carolina did not have jurisdiction over the mother and children, who were not within the State.
 
 See
 
 id.
 

 We find it particularly odd that the district court specifically relied upon
 
 Coble
 
 in its ruling, a 1948 case, even after expressing a concern that
 
 Benson v. Benson
 
 ,
 
 39 N.C. App. 254
 
 ,
 
 249 S.E.2d 877
 
 (1978), a 1978 case cited by Wife as controlling, may not be good law, since "[t]his is a '78 case and it's a lot-a lot of change since then[;]" apparently the district court was concerned about approximately 40 years of change, but not about 70 years. Furthermore,
 
 Benson,
 
 which the district court determined was "not controlling," is in fact controlling;
 
 see
 

 Benson
 
 ,
 
 39 N.C. App. 254
 
 ,
 
 249 S.E.2d 877
 
 , the district court even noted, at the initial hearing, that
 
 Benson
 
 appeared to be controlling, but also noted that the trial court "hated" that result and would do additional research on the applicable law in the hope of finding a different result.
 
 Benson
 
 was an
 
 intrastate
 
 custody case which held that the county where the first custody case was filed had jurisdiction:
 

 The defendant's complaint in the Anson County action was filed one day prior to the filing of the plaintiff's complaint in this action in Wilkes County. Generally speaking, actions for child custody, child support and alimony follow the same procedures as other civil actions. A civil action is commenced by filing a complaint with the court. Once an action is commenced, it is pending before the court. If there is a pending action for annulment, divorce, or alimony without divorce, there cannot be any subsequent action or proceeding instituted for the custody and the support of a minor child of the marriage, it being necessary for a determination of custody and support of the minor child, that the issue be joined in the pending action or by a motion in the cause in such action.
 

 The defendant's action in Anson County seeking alimony without divorce, child custody and child support, having been commenced prior to the commencement of this action in Wilkes County, the trial court was without
 
 *483
 
 jurisdiction to entertain this independent action by the plaintiff for custody of the minor child. The trial court did not have jurisdiction to consider any matter arising from the plaintiff's complaint, and the entire proceeding before the trial court and its order are, therefore, null and void.
 

 Id.
 
 at 255-56,
 
 249 S.E.2d at 878
 
 (citations and quotation marks omitted).
 

 Here, the Wake County complaint was filed first. Because Wife filed first in Wake County, the district court in Caswell County "was without jurisdiction to entertain this independent action by the plaintiff for custody of the minor child. The trial court did not have jurisdiction to consider any matter arising from the plaintiff's complaint, and the entire proceeding before the trial court and its order are, therefore, null and void."
 
 Id
 
 . The fact that Husband was avoiding service is of no consequence, as the legal determination turns on first filed, not first served.
 
 See
 
 id.
 

 As to the trial court's conclusions regarding the UCCJEA, as pointed out by Wife's counsel at the hearing, the UCCJEA simply has no relevance to this case since both parties and the children were all in North Carolina.
 
 See generally
 

 In re E.X.J.
 
 ,
 
 191 N.C. App. 34
 
 , 49-50,
 
 662 S.E.2d 24
 
 , 33 (2008),
 
 aff'd
 
 ,
 
 363 N.C. 9
 
 ,
 
 672 S.E.2d 19
 
 (2009) "Further, the facts before us are distinguishable from the facts presented in
 
 In re Poole
 
 . The UCCJEA did not control the analysis or outcome of that case, because the issues before the Court in
 
 In re Poole
 
 dealt solely with intrastate parties and matters.") Although the district court's concern regarding the UCCJEA's policy goal of avoiding forum-shopping is well-taken, for intrastate disputes, any forum-shopping issues are more properly addressed under the venue statutes, as the district court itself noted at one point: "unless you get a change of venue, to me, it will have to be tried in Wake County."
 

 Looking outside of the numerous errors in the district court's conclusions of law, Husband's brief makes much of the fact that wife "tricked" him into dropping his originally
 
 *468
 
 filed Caswell County case, but ultimately he has no law to support any of his contentions. It may be impossible to determine whether Wife wanted to reconcile with Husband or tricked him; perhaps Wife did not even know from moment to moment, as is quite common in this sort of case where emotions run high. Nonetheless, why or how Wife filed in Wake County first is not a relevant legal consideration in this case; only the date of filing matters.
 
 Benson
 
 ,
 
 39 N.C. App. at 255-56
 
 ,
 
 249 S.E.2d at 878
 
 .
 
 *484
 
 Husband also focuses on the fact that Caswell County had both subject matter and personal jurisdiction, but Wake County did not have personal jurisdiction over him, as he had not yet been served. But again, service of process is simply not part of the analysis of where the action was first commenced.
 
 See
 
 id.
 

 Furthermore, it is somewhat ironic that Husband bases his first argument on his claims of Wife's bad intent but then ignores the fact that he-a licensed attorney and Caswell County bar president-purposefully avoided being served with the Wake County complaint in support of his flawed legal theory.
 

 III. Conclusion
 

 We reverse the district court's order denying Wife's motion to dismiss. Because the trial court was without subject matter jurisdiction, we vacate the temporary custody order entered in Caswell County. We remand with instructions to consider Wife's motion for attorney fees in Caswell County since that motion was part of her motion to dismiss, upon which she should have prevailed. The district court in Caswell County will retain the issues of divorce from bed and board and equitable distribution because they were not filed in Wake County.
 

 REVERSED in part, VACATED in part, and REMANDED.
 

 Chief Judge McGEE and Judge TYSON concur.
 

 [1]
 

 The Wake County complaint included claims for child custody, post-separation support, and alimony claims; the Caswell county complaint included claims for child custody, divorce from bed and board, and equitable distribution.