McGEE, Chief Judge.
John S. Sappington ("Defendant") appeals from an order modifying a prior custody order and awarding attorney's fees to Helga Sappington ("Plaintiff"). For the reasons discussed below, we vacate in part and remand.
I. Factual and Procedural History
Plaintiff and Defendant (collectively, "the parties") were married on 15 September 2001. Their son ("the child") was born in February 2002. The parties lived together with the child until they separated on 1 October 2005. A judgment of divorce was entered on 12 February 2007. Plaintiff was granted sole legal and primary physical custody of the child by order entered 25 February 2009 ("the 2009 custody order"). The 2009 custody order granted Defendant supervised visitation with the child for one weekend, every two months, that was to occur only in North Carolina.
The parties agreed to a voluntary temporary child support arrangement in June 2007, and a permanent child support order was entered on 25 September 2009 ("the 2009 child support order"). The 2009 child support order required Defendant to pay $1,462.00 per month in child support and $150.00 per month toward arrearages, for a total monthly child support obligation of $1,612.00 per month. Defendant, a trained medical doctor, has a history of substance abuse and addiction that has led to numerous suspensions or surrenders of his license to practice medicine in several states over the past two decades. In June 2010, Defendant took a medical leave of absence from his job as a physician in order to seek inpatient treatment for an addiction to prescription medication. As a result, Defendant lost his income and began drawing disability insurance payments. The 2009 child support order was modified on or about 30 June 2011, "after Defendant's loss of employment[,] to reflect the difference between his previous employment income and [his] level of disability income at the time of [a 2011] hearing." Defendant's child support obligation was reduced to a monthly payment totaling $1,180.00.
In September 2013, Defendant again sought to modify the 2009 child support order. He filed an affidavit on 24 September 2013 alleging he had been unable to obtain reinstatement of his medical license in Wyoming, where he resided. Defendant stated he had exhausted his disability benefits as of June 2012 and began a part-time job in May 2013 earning hourly wages. In a memorandum dated 24 March 2014, the trial court determined that, although there had been a substantial change of circumstances regarding Defendant's income, "Defendant's repetitive misconduct, to-wit: abuse of alcohol and controlled substances, made the loss of his medical license and [loss of] employment both predictable and inevitable." Based on its finding that Defendant acted in bad faith, the trial court imputed to Defendant the same level of income previously used to calculate his total monthly child support payment. The trial court entered an order on 12 May 2014 denying Defendant's 2013 motion to modify child support.
Defendant filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60 (" Rule 60 motion") on 29 September 2014, seeking relief from the trial court's order denying his motion to modify child support. Following a hearing on 21 November 2014, the trial court denied Defendant's Rule 60 motion by order entered 23 December 2014. Plaintiff filed a motion on 9 December 2014 requesting attorney's fees for defending against Defendant's 2013 motion to modify child support as well as Defendant's Rule 60 motion.
Contemporaneous with his Rule 60 motion in the child support matter, Defendant filed a separate motion on 29 September 2014 seeking to modify the 2009 custody order and requesting attorney's fees and costs from Plaintiff. The trial court held a hearing on custody and visitation issues on 11 March 2015. On or about 19 March 2015, the trial court entered an interim order that "requir[ed] [ ] [D]efendant to be drug tested and undergo family counseling and psychological counseling and evaluation before [the court] would make a final ruling on [ ] Defendant's motion [to modify custody]." Another interim order, entered with the parties' consent on 15 April 2016, permitted the child to visit Defendant in Wyoming for one week in June 2016. The order provided that the trial court "retain[ed] this matter for such other and further matters that it may deem necessary and appropriate."
Plaintiff filed a motion on 17 August 2015 seeking attorney's fees related to Defendant's motion to modify custody. Plaintiff filed an "Amended Motion for Attorney's Fees" on 1 June 2016 alleging that, as of that date, "Defendant's [2014] Motion to Modify[custody was] still pending and Plaintiff [ ] continued to incur attorney's fees as a result." (emphasis in original). Plaintiff's motion for attorney's fees in the child support matter was still pending.
Both Plaintiff and Defendant testified at the hearing on 11 March 2015. More than a year later, on 18 July 2016, the trial court held a second hearing. Defendant did not attend but was represented by counsel. The transcript indicates there was some confusion among the parties and the trial court about the purpose of the 18 July 2016 hearing. Plaintiff's counsel told the court: "I take it we are on today for child support and anything else that continues into the future[.]" Defendant's counsel told the court: "I thought [the hearing] was on for closing arguments on custody. And Your Honor was to enter a motion [sic] that the Rule 60 motion on child support was to be heard[.][1] ... And we each have a motion for attorney [sic] fees." The trial court then told the parties: "I will hear you on whatever, and I will go back and track down my notes and figure out what it was we heard two years ago[.] ... Anything you want to argue and I will be glad to hear you and I will make appropriate notes."
Plaintiff argued Defendant should be required to pay her attorney's fees incurred in both the child custody and child support matters. Plaintiff further argued, with respect to Defendant's request to modify custody and visitation, that Defendant had yet to "prove that he is a fit and proper parent to have custody and control of [the] child." Plaintiff alleged Defendant had failed to comply with the terms of the interim order entered after the 11 March 2015 hearing. Plaintiff requested that the trial court proceed "step by step" on the custody issue by ordering the parties to "continue in counseling and [by requiring] that the counselor report to the [c]ourt as to any recommendation in the best interest of [the] child[.]"
Defendant argued he had in fact complied with the trial court's March 2015 interim order. He contended the evidence showed that, inter alia, he had: (1) successfully maintained his sobriety since January 2012; (2) established a permanent residence in Wyoming; and (3) had his medical license reinstated by, and was employed in, the State of Tennessee. Defendant also noted the child had made several successful unsupervised visits to Wyoming since the entry of the 2009 custody order. He asked the court to order a specific schedule of increased visitation. Defendant acknowledged his prior request for attorney's fees in the custody matter, but contended only that (1) his motion to modify the 2009 custody order was brought in good faith, and (2) the total amount of his attorney's fees was "very close to what [ ] Plaintiff ha[d] incurred." Defendant did not reassert his request for attorney's fees from Plaintiff; instead, he asked the court to order "each of [the parties to] pay [their] own attorney [sic] fees."
At the conclusion of the hearing, the trial court expressed concern about a hair follicle sample submitted by Defendant after the 11 March 2015 hearing pursuant to the court's order that he undergo drug testing. The sample was rejected because, "when [the lab technicians] opened the sample to process [it] [,] the specimen ID number on the chain of custody did not match the specimen ID number on the specimen hair." According to Defendant, the sample was rejected due to "lab and collector error." He noted that a second hair follicle sample he submitted tested negative for drugs. The trial court found that argument unpersuasive, telling counsel:
I don't know whose fault it was. But my point is, [Defendant] is a medical provider who has access to all sorts of [drug] testing materials and ... knows ... a lot more about these [screening] processes than you and I do. I am not going to take a chance with [the child's] future until I have some independent verification that [Defendant] continues to remain clean and sober.
The court ordered Defendant to submit to "a hair follicle test from [a] local [drug test provider][.]" After agreeing to the hair follicle test, counsel for Defendant told the court: "I think this concludes all the pending issues."
The trial court entered an order on 15 August 2016 that (1) modified the 2009 custody order by providing Defendant increased unsupervised visitation with the child, subject to certain restrictions; and (2) ordered Defendant to pay Plaintiff the attorney's fees she requested in her 2014 motion for fees in the child support matter and her 2015 and 2016 motions for fees in the child custody action. Defendant appeals.
II. Subject Matter Jurisdiction
Defendant first argues the trial court lacked subject matter jurisdiction to enter the 15 August 2016 order because "[it was] captioned with the incorrect [case] file number[.]" Defendant also argues Plaintiff's several attorney's fees motions and accompanying hearing notices were inconsistently captioned and thus were not "jurisdictionally sound."
A. Standard of Review
Subject matter jurisdiction "refers to the power of the court to deal with the kind of action in question ... [and] is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). The issue of subject matter jurisdiction may be raised at any time, including for the first time on appeal. See Lemmerman v. Williams Oil Co., 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986). "Whether a trial court has subject[ ]matter jurisdiction is a question of law, reviewed de novo on appeal." McKoy v. McKoy, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted) (emphasis added). "Under a de novo review, the [appellate] court considers the matter anew and freely substitutes its own judgment for that of the lower [court]." Craig v. New Hanover Cty. Bd. of Educ., 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citation and internal quotation marks omitted).
B. Analysis
In the present case, the parties' child support and custody matters were at some point assigned separate case file numbers.[2] Plaintiff filed a motion on 9 December 2014 seeking attorney's fees for defending against Defendant's 2013 motion to modify child support and, following the denial of that motion, Defendant's Rule 60 motion for relief. Plaintiff's 9 December 2014 motion was correctly captioned with the case file number associated with the support matter, 07 CVD 59. Plaintiff subsequently filed motions on 17 August 2015 and 1 June 2016 for attorney's fees incurred in the child custody action. These motions were captioned with the case file number associated with the custody action, 06 CVD 318, and did not refer to Plaintiff's pending motion for attorney's fees in case file 07 CVD 59. However, as Defendant acknowledges, the 2015 and 2016 motions were each accompanied by a notice of hearing with both case file numbers in the caption, i.e., "06-CVD-318; 07-CVD-59." Although the March 2015 and July 2016 hearings, and the trial court's 15 August 2016 order, primarily addressed Defendant's motion to modify custody, and the trial court awarded Plaintiff attorney's fees related to both custody and child support, the 15 August 2016 order was captioned with the child support case file number only.
Defendant contends that at the March 2015 and July 2016 hearings, "[t]he [child] support case was not before the court[,]" and observes that the 15 August 2016 order "only [ ] address[ed] the merits of [Defendant's] motion to modify [custody], and [did] not address[ ] the [child] support case at all [.]" According to Defendant, the trial court "deprived itself of jurisdiction by captioning its [15 August 2016] order, which addresse[d] only the custody case, with the [file] number of the support case." At minimum, Defendant submits, the trial court lacked the authority to award Plaintiff attorney's fees in the child support action in its 15 August 2016 order, because "the support case was not properly before it." These arguments lack merit.
Defendant conflates what are in fact distinct questions of law: whether the trial court possessed subject matter jurisdiction to award Plaintiff attorney's fees in the child support matter is not the same as whether the trial court properly exercised its jurisdiction. "[A] court's authority to act pursuant to a statute, although related, is different from its subject matter jurisdiction. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Haker-Volkening v. Haker, 143 N.C. App. 688, 693, 547 S.E.2d 127, 130 (2001).
"The district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for ... divorce, ... child support, [and] child custody[.]" N.C. Gen. Stat. § 7A-244 (2015) ; see also N.C. Gen. Stat. § 50-13.5(c)(1) (2015) ("The jurisdiction of the courts of this State to enter orders providing for the support of a minor child shall be as in actions or proceedings for the payment of money or the transfer of property."); N.C. Gen. Stat. § 50-13.5(c)(2) (2015) ("The courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child under the provisions of [N.C.]G.S. [§§] 50A-201, 50A-202, and 50A-204."). "[J]urisdiction is dependent upon the existence of a valid motion, complaint, petition, or other valid pleading[.]" In re McKinney, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003).
Generally speaking, actions for child custody, child support and alimony follow the same procedures as other civil actions. A civil action is commenced by filing a complaint with the court. Once an action is commenced, it is pending before the court[,] ... [and if] there is a pending action for ... divorce, ... there cannot be any subsequent action or proceeding instituted for the custody and the support of a minor child of the marriage, it being necessary for a determination of custody and support of the minor child, that the issue be joined in the pending action or by a motion in the cause in such action.
Benson v. Benson, 39 N.C. App. 254, 255, 249 S.E.2d 877, 878 (1978) (citations and internal quotation marks omitted); see also Brooks v. Brooks, 107 N.C. App. 44, 46-47, 418 S.E.2d 534, 536 (1992) ("Once custody and support are brought to issue there can be no final judgment in that case, because the issue[s] of custody and support remain in fieri until the children have become emancipated. Therefore, until the children are emancipated, the case in which custody and support is originally determined remains pending [.]" (citations and internal quotation marks omitted)).
Plaintiff filed a "Complaint and Motion for Ex Parte Order" in Avery County District Court on 7 December 2005 in which she requested temporary and permanent legal and physical custody of the child as well as "financial assistance from [ ] Defendant for the support and maintenance on behalf of the minor child." Plaintiff also filed a "Verified Complaint for Absolute Divorce" on 19 December 2006.[3] See Blackley v. Blackley, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974) ("The court in which a divorce action is brought acquires jurisdiction over the custody of the unemancipated children of the marriage, and such jurisdiction continues even after the divorce becomes final."). The validity of Plaintiff's 2005 and 2006 complaints is not in dispute. Accordingly, the trial court acquired jurisdiction over child support and custody matters incident to the parties' separation and divorce. See Latham v. Latham, 74 N.C. App. 722, 724, 329 S.E.2d 721, 723 (1985) ("[A]n action for custody or support of minor children may be maintained ... as a civil action; joined with an action or cross action for annulment, divorce, or alimony; by motion in the cause ... in an action for annulment, divorce, or alimony; or upon the court's own motion in an action for annulment, divorce or alimony." (citations omitted)).
"Once jurisdiction of the [trial] court attaches to a child custody matter, it exists for all time until the cause is fully and completely determined." In re Baby Boy Scearce, 81 N.C. App. 531, 538-39, 345 S.E.2d 404, 409 (1986) (citations omitted); see also Latham, 74 N.C. App. at 724-25, 329 S.E.2d at 723 ("In actions for custody and support only majority of the child or death of a party fully and completely determines the cause."); N.C. Gen. Stat. § 50-13.5(h) (2015) ("When a district court having jurisdiction of the matter shall have been established, actions or proceedings for custody and support of minor children shall be heard ... by the judge of such district court, and may be heard at any time."). Moreover, "[w]here custody and support have been determined by the trial court and a party seeks modification of the custody and support order, the court first obtaining jurisdiction retains jurisdiction to the exclusion of all other courts[.]" Brooker v. Brooker, 133 N.C. App. 285, 288, 515 S.E.2d 234, 237 (1999) (citation and internal quotation marks omitted). "Following the determination of child custody and support actions, the trial court is permitted to award attorney's fees among the parties according to [N.C. Gen. Stat.] § 50-13.6." Burr v. Burr, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002). It follows that, in the present case, the trial court had continuing jurisdiction over the parties' custody and support issues, and the attendant authority to award attorney's fees in both matters.
In addition to the above jurisdictional analysis, we note that the record belies Defendant's contention that the child support case was not before the court at the 11 March 2015 and 18 July 2016 hearings. Defendant filed a "Motion for Peremptory Setting" on 17 October 2014, several months before Plaintiff filed her motion for attorney's fees in the child support matter. Defendant's 17 October 2014 motion was captioned with the child support case file number only, although it requested "an expedited hearing on all pending matters, including the issues of Custody Modification[.]" (emphasis added). Defendant's Rule 60 motion in the child support matter, filed the same day as his motion to modify custody, was "pending" at that time. The trial court entered an order on 10 November 2014 calendaring the matter for hearing on 21 November 2014. No transcript of that hearing appears in the record on appeal, but Defendant's Rule 60 motion was orally denied at the hearing's conclusion.[4] Plaintiff's motion for attorney's fees in file number 07 CVD 59 was filed on 9 December 2014, and the trial court retained jurisdiction to hear and rule upon that motion.[5] Defendant filed another "Motion for Peremptory Setting" on 25 February 2015, again captioned with the child support case file number only, requesting "an expedited hearing on all pending matters, including the issues of Custody Modification for the March 11, 2015 date of civil district court in Avery County." (emphasis added).
At the 11 March 2015 hearing, the trial court stated: "This is in the matter of Helga Sappington versus John Sappington. 07 CVD 59." (emphasis added). Although the court cited the child support case file number, the subject of the hearing was Defendant's motion to modify custody. Neither the trial court nor the parties mentioned Plaintiff's outstanding motion for attorney's fees in 07 CVD 59. At the conclusion of the hearing, the trial court orally rendered an interim order that related only to Defendant's motion to modify custody. Thus, Plaintiff's motion for attorney's fees in the child support matter was still "pending in this cause" when she filed her two motions for attorney's fees in the custody matter on 17 August 2015 and 1 June 2016. See Phillips v. Phillips, 46 N.C. App. 558, 560-61, 265 S.E.2d 441, 443 (1980). The hearing notices filed with Plaintiff's motions for fees in the custody matter included both case file numbers.
At the 18 July 2016 hearing, counsel for Defendant stated there were "four motions before the [trial c]ourt. [Defendant's] [m]otion to modify custody, [Defendant's] [m]otion to modify child support, [and] [ ] both [parties] have motion[s] for attorney [sic] fees. The motion to modify custody and the ... Rule 60 motion on child support are [Defendant's] motions." The following exchange ensued:
[TRIAL COURT]: The only thing I truly recall about this case gentlemen, you all reported to me at one point that it was settled. That is really all I recall about it. Truthfully though ... I thought we heard this matter on a motion to modify custody, or at least visitation.
[DEFENDANT'S COUNSEL]: It was heard Your Honor, but there has never been a permanent order entered. There was an interim [consent] order entered last April which allowed for one trial visit for my client. And subsequent to that last month [Plaintiff's counsel] and I again entered a[n] interim [consent] order ... for a week visit in Wyoming with my client. But there has never been an order entered establishing any permanent visitation.
[PLAINTIFF'S COUNSEL]: That is correct Your Honor, that was on the recommendation of counselors [to arrange] a trial visit and Your Honor consented to that. I will point out that [Defendant] is not here today. So I take it we are on today for child support and anything else that continues into the future[.]
...
[DEFENDANT'S COUNSEL]: Judge I thought it was on for closing arguments on custody. And Your Honor was to enter a motion that the Rule 60 motion on child support was to be heard, that will take five minutes. And we each have a motion for attorney [sic] fees.
[TRIAL COURT]: That sounds a little more close to my recollection[.] I will hear you on whatever, and I will go back and track down my notes and figure out what it was we heard two years ago. [Counsel for Plaintiff] when you are ready sir. Anything you want to argue and I will be glad to hear you and I will make appropriate notes.
Defendant did not object at this point and Plaintiff's counsel began detailing a "brief chronology" of the case. When Plaintiff's counsel first referred to Defendant's September 2013 motion to modify child support, Defendant's counsel told the court: "Your Honor at this point I really need to object. A lot of [Plaintiff's] argument so far has been prior to both of [Defendant's] motions to modify. And nothing is relevant except from September 2013 forward. So I object and move to strike anything prior to that." Defendant did not object when, after referencing Plaintiff's attorney's fees in both the support and custody matters, counsel for Plaintiff "ask[ed] that in File Number [0]7 CVD 59, that [Defendant] be ordered to pay $9,345.00 [in] reasonable attorney [sic] fees. And that in File Number 06 CVD 318 he be ordered to pay an additional $9,742.50 in attorney [sic] fees."
Defendant's arguments primarily pertained to his motion to modify custody. Counsel for Defendant attempted to "address [Defendant's] Rule 60 motion on child support[,]" apparently unaware that the trial court had previously heard and denied that motion. After conceding that the trial court had disposed of the Rule 60 motion, counsel addressed Defendant's motion for attorney's fees, noting the amount of fees incurred by Defendant in "these cases," and concluding by stating the following: "[Defendant] would contend to the [c]ourt that what this case is, it is right for the [c]ourt to say each of you pay your own attorney [sic] fees. Judge that would be our argument." At the conclusion of the hearing, Defendant's counsel told the trial court: "I think this concludes all the pending issues."
The record thus shows that Defendant never asserted, as he does on appeal, that the child support case was not properly before the trial court. Defendant did not specifically challenge Plaintiff's request for attorney's fees in either the support or custody cases; he merely requested that the trial court require each party to pay its own fees. Defendant also did not request a separate hearing on Plaintiff's motion for attorney's fees in the child support matter. See, e.g., Romulus v. Romulus, 215 N.C. App. 495, 528-29, 715 S.E.2d 308, 329 (2011) (concluding plaintiff waived argument that trial court should not have heard alimony and equitable distribution claims in a single proceeding, because plaintiff "did not request separate hearings and never objected to having both claims heard at the same time."). In light of the foregoing, we conclude Defendant failed to preserve any argument that he was deprived of a reasonable opportunity to respond to Plaintiff's request for attorney's fees in the child support matter. See, e.g., Wirth v. Wirth, 193 N.C. App. 657, 667, 668 S.E.2d 603, 610 (2008).
III. Trial Court Order
Defendant next contends the trial court's order contains (1) findings of fact that were not supported by substantial evidence, and (2) conclusions of law that were not supported by the court's findings of fact.
A. Standard of Review
The standard of review when the trial court sits without a jury is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. In a child custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings.... Unchallenged findings of fact are binding on appeal. Whether [the trial court's] findings of fact support [its] conclusions of law is reviewable de novo. If the trial court's uncontested findings of fact support its conclusions of law, we must affirm the trial court's order.
Scoggin v. Scoggin, --- N.C. App. ----, ----, 791 S.E.2d 524, 526 (2016) (citations, quotation marks, and internal quotation marks omitted) (alterations in original). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Peters v. Pennington, 210 N.C. App. 1, 13, 707 S.E.2d 724, 733 (2011) (citation and quotation marks omitted); see also Moore v. Onafowora, 208 N.C. App. 674, 676, 703 S.E.2d 744, 746 (2010) ("Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." (citation and quotation marks omitted)); Everette v. Collins, 176 N.C. App. 168, 171, 625 S.E.2d 796, 798 (2006) ("Absent an abuse of discretion, the trial court's decision in matters of child custody should not be upset on appeal." (citation omitted)).
B. Analysis
1. Findings of Fact
Defendant contends the following findings of fact in the trial court's order were not supported by substantial evidence:
14. Plaintiff testified that despite her feelings that the minor child should have two parents she did not believe that she could trust [ ] Defendant and was not convinced that [ ] Defendant would not relapse into drug use.
21. The [c]ourt finds that requiring [ ] Defendant to submit to a hair follicle test is the only reliable method to determine whether [ ] Defendant is clean and sober and is necessary for the safety and best interests of the minor child.
24. Plaintiff has incurred the sum of $9,340.00 in reasonable attorney's fees defending against [ ] Defendant's Motion to Modify in Avery County File # 07 CVD 59 which resulted in an Order in favor of [ ] Plaintiff of May 7, 2014.
25. Additionally, [ ] Plaintiff has incurred the sum of $9,742.50 in reasonable attorney's fees and costs in Avery County File # 06 CVD 318 pursuant to [N.C. Gen. Stat. §] 50-13.6 and [N.C. Gen. Stat. §] 7A-305 as she was an interested party acting in good faith who had insufficient means to defray the expense of her defense of Defendant's Motion to Modify filed on 26 September 2014.
We address each in turn.
Findings of Fact Fourteen and Twenty-One
"In a proceeding for custody and support of a minor child, the trial court is required ... to find specific ultimate facts to support the judgment [.]" Montgomery v. Montgomery, 32 N.C. App. 154, 156, 231 S.E.2d 26, 28 (1977) (citing N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) ) (emphasis added). This Court has held that mere evidentiary facts are insufficient to satisfy this requirement. "Evidentiary facts are simply subsidiary facts required to prove the ultimate facts, while [u]ltimate facts are the final resulting effect reached by processes of logical reasoning from the evidentiary facts [.]" Williamson v. Williamson, 140 N.C. App. 362, 364, 536 S.E.2d 337, 338 (2000) (citations and internal quotation marks omitted) (first alteration in original). In Williamson, this Court concluded the trial court's "repeated statements that a witness 'testified' to certain facts" were "not the 'ultimate facts' required ... but rather [ ] mere recitations of the evidence [that did] not reflect the 'processes of logical reasoning[.]' " Id. at 364, 536 S.E.2d at 339 (citation omitted). Similarly, in the present case, the trial court's finding of fact fourteen, that "Plaintiff testified that despite her feelings that the minor child should have two parents she did not believe that she could trust [ ] Defendant and was not convinced that [ ] Defendant would not relapse into drug use[,]" was a mere recitation of the evidence rather than an ultimate fact necessary to support the trial court's conclusions of law. See id. This finding was thus insufficient to support a conclusion of law; nevertheless, we may consider whether the trial court's additional findings of fact are sufficient to support its conclusions of law.
The trial court also found in finding of fact twenty-one that requiring Defendant to submit to hair follicle drug testing was the "only reliable method to determine whether [ ] Defendant is clean and sober and is necessary for the safety and best interests of the minor child." Defendant argues this finding was unsupported by substantial evidence in light of other evidence presented by Defendant, including evidence that he was required to submit to random urine drug screening on a monthly basis under an agreement with the Wyoming Professional Assistance Program ("WPAP"), and that he had submitted to court-ordered hair follicle drug testing in the past. However, to the extent Defendant
argues that the trial court's findings were not based upon his evidence or his interpretation of the evidence, ... his arguments fail, as this Court cannot substitute its judgment for that of the trial court in weighing the evidence. When the trial judge is authorized to find the facts, his findings, if supported by competent evidence, will not be disturbed on appeal despite the existence of evidence which would sustain contrary findings.
Kelly v. Kelly, 228 N.C. App. 600, 605, 747 S.E.2d 268, 275 (2013) (emphasis added) (citation and internal quotation marks omitted); see also Goodson v. Goodson, 145 N.C. App. 356, 362, 551 S.E.2d 200, 205 (2001) ("The trial court is in the best position to weigh the evidence, [and to] determine the credibility of witnesses and the weight to be given their testimony." (citation, quotation marks, and internal quotation marks omitted)).
In the present case, the trial court heard testimony from both Defendant and Plaintiff, including extensive testimony from Defendant about his history of substance abuse and relapse. The trial court expressed concerns about "the opportunity for fraud" because Defendant, a medical provider, "ha[d] access to all sorts of [drug] testing materials and ... [knew] ... a lot more about these [screening] processes than [a layman]." The court noted that a past hair follicle sample submitted by Defendant was rejected by the laboratory because "when [the lab technicians] opened the sample to process [it] the specimen ID number on the chain of custody did not match the specimen ID number on the [sample][.]" Accordingly, we find there was competent evidence to support finding of fact twenty-one.
Findings of Fact Twenty-Four and Twenty-Five
N.C. Gen. Stat. § 50-13.6 (2015) provides:
In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.
"In construing [N.C.G.S.] § 50-13.6, our courts have distinguished between fee awards in proceedings solely for child support and fee awards in actions involving both custody and support." Spicer v. Spicer, 168 N.C. App. 283, 296, 607 S.E.2d 678, 687 (2005). In an action or proceeding involving child support only, the trial court must find "that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding[.]" See N.C.G.S. § 50-13.6. By contrast, the court is not required to make this finding in a proceeding involving both custody and support. Stanback v. Stanback, 287 N.C. 448, 462, 215 S.E.2d 30, 40 (1975). "A case is considered one for both custody and support when both of those issues were contested before the trial court, even if the custody issue is resolved prior to the support issue being decided." Spicer, 168 N.C. App. at 297, 607 S.E.2d at 687 ; see also Forbes v. Forbes, 72 N.C. App. 684, 685, 325 S.E.2d 272, 273 (1985) (finding "plaintiff was not deprived of the right to have attorney [sic] fees [merely] because the order for custody was entered before the order for support.").
In the present case, both custody and support were contested by the parties before the trial court. Thus, before awarding attorney's fees to Plaintiff, the trial court was required to find that Plaintiff (1) acted in good faith and (2) lacked sufficient means to defray the expense of the suit. Finding of fact twenty-four, in which the trial court merely stated that "Plaintiff ha[d] incurred ... $9,340.00 in reasonable attorney's fees defending against [ ] Defendant's Motion to Modify [child support] in Avery County File # 07 CVD 59 which resulted in an Order in favor of [ ] Plaintiff on May 7, 2014 [,]" was therefore inadequate, without more, to support an award of attorney's fees. The court made no specific findings about Plaintiff's good faith or means to defray the expenses associated with Defendant's motion to modify child support. In finding of fact twenty-five, the trial court did find that, in connection with $9,742.50 in attorney's fees Plaintiff allegedly incurred defending against Defendant's motion to modify custody in case file 06 CVD 318, Plaintiff "was an interested party acting in good faith who had insufficient means to defray the expense[.]" Although the trial court recited the relevant statutory language, this finding was also inadequate to support a fee award. Even assuming the court properly found that Plaintiff was an interested party acting in good faith, "a bald statement that a party has insufficient means to defray the expenses of the suit is not a finding of fact at all but a conclusion of law." Cameron v. Cameron, 94 N.C. App. 168, 172, 380 S.E.2d 121, 124 (1989) (citation omitted). The trial court made no additional findings of fact addressing the statutory requirements set forth in N.C.G.S. § 50-13.6. See Lueallen v. Lueallen, --- N.C. App. ----, ----, 790 S.E.2d 690, 708 (2016) (holding findings did not support fee award, because "[a]lthough the trial court found that [the party requesting fees] was acting in good faith and ha[d] insufficient means to defray the expense of the suit, ... the order failed to make any findings as to the nature and scope of the legal services rendered, the skill and time required, the attorney's hourly rate, and its reasonableness in comparison with that of other lawyers." (citation and internal quotation marks omitted)). Accordingly, we conclude the trial court's findings were inadequate to support an award of attorney's fees to Plaintiff, and we must vacate the fee award and remand for additional findings of fact. See Shippen v. Shippen, 204 N.C. App. 188, 192, 693 S.E.2d 240, 244-45 (2010).
2. Conclusions of Law
Having concluded the trial court made insufficient findings of fact to support an award of attorney's fees, we need not address Defendant's arguments with respect to the trial court's conclusions of law five and six.
Conclusions of Law Three and Seven
Defendant challenges the following conclusion of law as unsupported by the trial court's findings of fact: "Plaintiff is a fit and proper person to continue to have the sole legal and primary physical custody of the minor child, and it is in the best interests of the minor child for his sole legal and primary physical custody to remain with [ ] Plaintiff." We agree that the trial court's findings of fact "fail to detail with sufficient particularity the question of [Plaintiff's] fitness and [thus] fail to support [these] conclusions of law." See Hunt v. Hunt, 29 N.C. App. 380, 383, 224 S.E.2d 270, 271 (1976). Despite concluding there had been "a substantial change in circumstances since the entry of the initial [custody] order" that warranted modification in Defendant's favor, the trial court made no factual findings whatsoever about Plaintiff's fitness to retain sole legal and primary physical custody of the child, or why that arrangement would be in the child's best interest.
In child custody determinations, the trial court has broad discretion in "choosing an environment which will, in [its] judgment, best encourage full development of the child's physical, mental, emotional, moral and spiritual faculties." In re Peal, 305 N.C. 640, 645, 290 S.E.2d 664, 667 (1982) (citation omitted). A trial court's conclusion of law that an award of custody to a particular party will be in the best interest of a child must be supported by findings of fact that "may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child." Hall v. Hall, 188 N.C. App. 527, 532, 655 S.E.2d 901, 905 (2008). The trial court may also "consider the preference or wishes of a child of suitable age and discretion." Peal, 305 N.C. at 645, 290 S.E.2d at 667.
In the present case, even assuming, as Plaintiff submits, there was "more than sufficient evidence [to] support the court's finding and conclusion that it is in the best interest of the minor child to remain with [ ] [Plaintiff][,]" the trial court in fact made no such finding. In its findings of fact, the trial court made two references to the child's "best interests," and both were favorable to Defendant. In finding of fact thirteen, the trial court noted that Plaintiff, as well as the child's therapist, "testified that it was in the minor child's best interests that both parents be involved with the [ ] child." In finding of fact twenty-two, the trial court found it was "in the best interests of the minor child that [ ] Defendant have unsupervised visitation subject to the terms and conditions [set forth in the trial court's order]." The trial court made no findings regarding the child's home life with Plaintiff or Plaintiff's ability to meet the child's social, emotional, educational, and financial needs. At most, the trial court found that "[t]he minor child suffers from ADHD and requires a consistent environment, constant reassuring, and does not generally like change." This finding was not, without more, sufficiently specific to support a conclusion of law that it was in the child's best interests for Plaintiff to continue to have sole legal and primary physical custody of the child. Accordingly, we remand for further findings regarding Plaintiff's fitness and the child's best interests with respect to custody.
3. Attorney's Fees
Defendant's remaining arguments allege additional deficiencies in the decretal portion of the trial court's order awarding attorney's fees to Plaintiff. As discussed above, the trial court failed to make the necessary findings set forth in N.C.G.S. § 50-13.6. This Court has held that, in addition to the explicit statutory findings that the party seeking attorney's fees (1) was an interested party acting in good faith and (2) lacked sufficient means to defray the expense of the suit, the trial court "must make findings of fact to support and show the basis of the award, including: the nature and scope of the legal services [rendered], the skill and time required, and the relationship between the fees customary in such a case and those requested." Davignon v. Davignon, --- N.C. App. ----, ----, 782 S.E.2d 391, 396-97 (2016) (citation and internal quotation marks omitted). In the present case, the trial court failed to make the requisite findings. "When the [trial court's] findings and conclusions are inadequate, appellate review is effectively precluded." Armstrong v. Armstrong, 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988). Accordingly, we do not reach Defendant's arguments concerning the amount and apportionment of the fee award. See, e.g., Simpson v. Simpson, 209 N.C. App. 320, 323, 703 S.E.2d 890, 892 (2011) ("Whether [the] statutory requirements [set forth in N.C.G.S. § 50-13.6 ] have been met is a question of law, reviewable on appeal. Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded." (citations and quotation marks omitted) (emphasis added)); Cunningham v. Cunningham, 171 N.C. App. 550, 567, 615 S.E.2d 675, 687 (2005) (finding no abuse of discretion in apportionment of attorney's fees only after determining "defendant [did] not argue on appeal that the trial court had insufficient evidence for its findings that plaintiff was acting in good faith and had insufficient means to defray the costs of the action.").
IV. Conclusion
For the reasons discussed above, we vacate the portions of the trial court's order awarding attorney's fees to Plaintiff. We also vacate the portions of the order concluding that (1) Plaintiff was a fit and proper person to retain sole legal and primary physical custody of the child, and (2) such arrangement was in the best interests of the child. We remand for further proceedings consistent with this opinion.
VACATED IN PART AND REMANDED.
Report per Rule 30(e).
Judges CALABRIA and DILLON concur.

Defendant's counsel later conceded the trial court had in fact previously heard and denied Defendant's Rule 60 motion.

Plaintiff's verified complaint for absolute divorce, filed 19 December 2006, was captioned 06 CVD 318, but provided in part that "[a]ll issues incident to the [parties'] marriage [were] being addressed in Avery County [District Court] File Number 05 CVD 333." The 12 February 2007 judgment of divorce, also captioned 06 CVD 318, similarly provided that "[a]ll issues incident to the marriage [were] pending in Avery County [District Court Case] File Number 05 CVD 333." In Defendant's 29 September 2014 motion to modify custody, he stated that the 2009 custody order "was entered in Avery [County] District Court file number 05 CVD 333. However, this case was later incorporated into Avery [County] District Court file number 06 CVD 318." It is unclear exactly when or why the child support action was assigned a separate case file number, 07 CVD 59, but that number appeared on a civil summons issued to Defendant on 20 April 2007.

Although Plaintiff's 7 December 2005 complaint was captioned with case file number 06 CVD 333, and the 19 December 2006 complaint was captioned with case file number 06 CVD 318, subsequent filings demonstrate that "all issues incident to the [parties'] marriage" were treated as a single proceeding. See supra n.2. The trial court's Judgment of Absolute Divorce, entered 12 February 2007, provided that "[a]ll issues incident to the [parties'] marriage pending in Avery County [Case] File Number 05 CVD 333 are reserved for judgment at a later date."

The written order denying Defendant's Rule 60 motion was entered nunc pro tunc on 19 December 2014 and filed on 23 December 2014.

Although Defendant contends on appeal that "[t]here is nothing in the record indicating that [Plaintiff] noticed [the 2014 motion for fees in the child support case] before ... [the trial] court[,]" the record also does not indicate Defendant raised this argument before the trial court. See In re J.S., 165 N.C. App. 509, 514, 598 S.E.2d 658, 662 (2004) ("A party who is entitled to notice of a hearing waives such notice where they attend the hearing and participate in it without objecting to improper notice." (citation omitted)).